Daniel, Judge,
 

 after stating the case as above, proceeded : The agreement of the parties, out of court, set forth in the submission, that the award should be a rule of court, did not make the rule. And although the agreement was made during a
 
 Us pendens,
 
 yet no attachment could have issued, according
 
 to the
 
 principles of the common law, against the defendant, for a violation of that agreement. A rule of court to stand to a submission and award, was, according to the common law, a rule entered in some one of the courts at Westminster, where the record and pleadings in the cause were made up. A party who consented to have such a rule entered, and disobeyed it afterwards, was. subject to an attachment for a contempt.
 
 We
 
 have, after diligent search, been unable to find any authority, estabishing the principle, that an agreement of the parties pending a suit, to submit to arbitration, and that the submission and award should be a rule of court, .was in fact, such a rule,
 
 *533
 
 as by tho principles of the common law would authorize an attachment to issue for its violation. In this state, it is the practice to enter judgment according to the award, in those cases, in which, by the rules of the common law in England, an attachment would have been granted, for a disobedience of á rule of court, to stand to the submission and award. We therefore, think that the Superior Court had not power to enter the judgment, which was rendered in this case. The statute
 
 p rx
 
 i _ rr,.,, „ „ „ . , . . . , , oi 9 aim 10
 
 Will. 3 c
 
 15 is not in lorce in tins state*— The judgment might have stood perhaps, according to tllC provisions ot that statute. As there was not such a rule of court entered in this case as would have authorized an attachment at common law, and the statute of
 
 Will.
 
 3. not being in force here, we arc compelled to set aside the judgment, and award a
 
 procedendo.
 

 In tins state, judg-^ards^^ where by the rule jaWj would issue for theirnon-performance.
 

 The statute of jng references, is not in force here,
 

 Per Curiam. — Judgment reversed.