JOHN A. WEAR, Appellant, v. GEORGE W. RAGAN, Appellee.

1. ARBITRATION, WITHOUT A RULE OF COURT.—If parties to a suit agree to refer the matters in controversy between them to the decision of arbitrators, and that their award shall be the judgment of the court, who thereupon make and

return their award into court, judgment may be entered on the award, although the submission to arbitration was without any previous rule of court. (SMITH, C. J., dissenting.)

APPEAL from the District Chancery Court, at Fulton. Hon. Henry Dickinson, vice chancellor.

In June, 1853, the appellee filed his bill against the appellant, for the settlement of a partnership account between them. In November of same year, the appellant answered, denying most of allegations of the bill. At the next term of the court, in May, 1854, no order was entered in the cause. On the 7th, 1854, before the next term of the court, the parties mutually entered into bond, binding them to abide by, and perform the agreement, and reciting that they had agreed to submit the matters in controversy between them in this suit, to the arbitration of certain persons therein named, and that their award should be returned to, and made the decree of the court.

The arbitrators made their award, and at the November Term, A. D. 1854, the appellee presented it to the court, and moved for a rule upon the appellant, " that he submit to, and be concluded by the award, made by the arbitrators in pursuance of the submission of parties, made since tne last term of the court, and that the submission and award be placed on file, and a decree entered accordingly, as directed by statute." The appellant appeared and filed exceptions to the award; but the court made the rule absolute, and entered a final decree, in pursuance of the award.

From this decree Wear appealed.

*Miller* and *Kilpatrick*, for appellant.

The agreement to submit to arbitration, and the award, were made in vacation, after the case had been pending some time in the court.

There *was no rule of court* referring the matters in controversy to arbitrators.

The whole proceedmg was *in pais*, and without any application to the court, or authority from it.

The appellant, under the rule made by the court, filed excep-

tions to the award, which, although well taken, we deem it unnecessary to notice.

We insist the the court erred in entering up a decree on the award, on the motion of the appellee.

The award *was not made under or in pursuance of either section of our statute.* Hutch. Code, 800: This is the only statute we have on the subject.

The 1st section provides for a reference to arbitration of matters in controversy in "suits or actions *depending* in court."

The 2d section provides that parties may agree, "that the submission of the matter in controversy, to the award or umpirage of any person or persons, should be made *a rule of any court of record*," &c.; and upon the agreement or bond being presented to the court, the court is authorized to make a rule in pursuance of the agreement.

This section merely provides a method by which parties may come into court, and have a rule or order of reference.

Without a *rule of court* there can be no award under either section of the statute.

The award in this case was a mere common law award, and the court could not render a decree on the award upon motion merely.

It appears from the record, that the appellant resisted the motion.

The fact that the parties agree in the bond of submission, that the award shall be the decree of the court, does not alter the case. *Davis* v. *M'Connell,* 3 Stewart, Ala. R. 492; *Lamar et ux.* v. *Nicholson et al.,* 7 Porter, Ala. R. 158; *Cromwell* v. *March,* Breese, R. 230; *Richardson* v. *Cassily,* 3 Watts, R. 320.

The above cases were decided upon statutes almost identical with our own, and are authorities directly in point.

The appellee should have proceeded by action upon the award. In the summary proceeding by motion, the appellant was deprived of an opportunity to make the defences which he would have been entitled to in an action at law, or a bill in equity.

*O. Davis,* for appellee.

The only point made by counsel for appellant in his brief, and on which he seems inclined to rest his whole case, is, that it was

incompetent for the chancellor to enter up a final decree on motion, as was done in this case.

A sufficient reply to this position would be to refer to the provisions of the statute, sec. 2. Upon looking to the decree, it will be seen that it is in precise accordance with the decree authorized by the statute : "That the defendant submit to and be finally concluded by the award," &c.

Appellant's counsel has, however, referred to several cases where the courts have refused to enforce awards in cases bearing some resemblance to the present. I have not been able to find any of the cases referred to, except that of *Davis* v. *McConnell*, 3 Stewart, 492. That case was decided on the express ground that it was not in accordance with the Statutes of Alabama, on the subject of awards. No case was pending in court at the time of the submission, as in the present instance. The courts of Alabama have in many instances entered up judgments and decrees on awards. The case of *Wright* v. *Bolton et al.*, 8 Ala. R. (new series,) 548, is a case almost identical with the one at bar. In that case, the Supreme Court compelled a justice of the peace to enter up judgment according to the award.

The same thing was done in *Goodwin* v. *Yarborough*, 1 Stewart, R. 152; also in *Tunkersly* v. *Richardson*, 2 Ib. 130; and *Burnpass* v. *Webb*, 4 Ib. 75.

In New York, the same practice prevails. *Knight* v. *Cary*, 1 Cowen, R. 39, note b; *Ex parte Wright*, 6 Ib. 399; *Emmett* v. *Hoyt*, 17 Wend. 410.

And so in Illinois. *Mills* v. *Conner*, 1 Blackf. R. 7, note 1.

These authorities are deemed sufficient to show that there is nothing in the main point relied on by appellant.

FISHER, J., delivered the opinion of the court.

The object of this bill in the court below, was to settle a disputed copartnership account between the parties.

After the cause stood at issue upon the pleadings of the parties, they entered into an agreement to submit the several matters in controversy to arbitration, with the further agreement, that the

Wear v. Ragan.

award should be returned into court, and a decree made thereon, according to the terms of the award.

The award having been made and returned into court, certain exceptions were interposed thereto, one of which is as follows: "Because said award was not made under, and by virtue of a rule of this or any other court;" which exception, together with the others, was overruled by the court, and a decree pronounced according to the award. From this it will be seen, that the only question is, whether it was necessary for the submission to arbitration to be made under the sanction of the court, in order to give the court jurisdiction over the award. We deem it unnecessary to determine whether this case falls strictly within the letter of the statute or not. Hutch. Code, p. 800. Unquestionably, where the court has not already acquired jurisdiction by regular suit over the subject-matter and parties to the controversy, parties who submit their controversies to arbitration, must, in order to give to the award the force and effect of judgment, bring themselves within the provisions of the statute. But that is not the true question in this case; the jurisdiction of the court, both over the subject-matter and the parties, is complete. One party is before the court by his bill, and the other by his answer. Certain facts have to be ascertained before the decree can be made, and the parties themselves agree to ascertain these facts, by means of arbitrators, whose award shall be the foundation for the decree. The question is, whether the parties could in this way terminate their litigation. They could certainly agree out of court, what decree the court might pronounce upon the matters put in issue, within the jurisdiction of the court. And if they could do this, why could they not say, that others might prescribe such terms in this particular, as would be binding upon them. There is no controversy as to the main fact. It is admitted that the submission was made; and the only objection is, that it was not made under a rule of court. This, under the state of the case, we do not consider necessary. It is sufficient, under the case presented, that the award was such as could be made the foundation of the decree which was rendered.

Decree affirmed.

Wear *v.* Ragan.

SMITH, C. J., delivered the following dissenting opinion.

This was a bill filed by the appellee, in the Vice Chancery Court, at Fulton, praying an account to be taken of a partnership, which had previously existed between himself and the appellant.

An answer was filed at the November Term of the court, in which the appellant denied the material allegations of the bill. No order appears to have been made in the case at that, or the following term, in May, 1854. During the recess of the court; that is, on the 7th of October, 1854, the complainant and respondent entered into a bond, by which they agreed to submit the matters in controversy in the said suit, to the arbitrament and award of certain persons selected as arbitrators; and that their award when made, should be returned to and made the decree of the court, in said cause. The parties were bound by a penalty, stated in the bond, to abide by and perform the agreement. The arbitrators, pursuant to the agreement, made an award, which was presented to the court, by the appellee, at the November Term, 1854; who entered his motion for a rule, that the appellant submit to, and be concluded by the said award, and that "the submission and award be placed on file, and a decree be entered accordingly, as directed by the statute." The rule was granted, the agreement and award were ordered to be filed, and the latter established, as the decree of the court in the cause. This appeal is prosecuted, to reverse that order and decree.

The question in regard to the propriety of this proceeding, must depend exclusively upon the statute concerning "Arbitrations and Awards." Hutch. Dig. 800.

A suit was pending in a court of competent jurisdiction, involving the very matters embraced by the express terms of the agreement and submission entered into and had between the parties. As there was no rule of court made, referring the matters in controversy between them to arbitrators, the case is manifestly not within the provisions of the first section of the said act.

The second section applies to controversies in which no suit is pending, "but for which there is no other remedy but by personal action or suit in equity." It makes it lawful in such cases for the parties "by arbitration, to agree that their submission of the

matter in controversy to the award or umpirage of any person or persons, should be made a rule of any court of record which the parties may choose, and to insert such their agreement, in their submission," or in the condition of their arbitration bond; and provides, that where such an agreement, so made and inserted in the submission, or in the condition of the bond, when properly authenticated, shall be entered in the proceedings of the court of which the same is agreed to be made a rule; "and that *a rule shall be made thereupon* by the said court, that the parties shall submit to, and finally be concluded by the arbitration or umpirage which *shall* be made concerning them by the arbitrators or umpire, *pursuant to such submission.*"

It is difficult to conceive how this statute could be so construed, as to authorize the persons, to whose umpirage the matters in controversy between the parties were submitted, to make an award, before a rule of the court for that purpose had been entered. The language is too unambiguous to admit of such an interpretation. It is express and positive, that when parties, desirous of terminating their controversy by arbitration, shall enter into an agreement for that purpose, in the mode prescribed, it may be presented to the court chosen by them, and if proven by the affidavit of a witness thereto, shall be entered in the proceedings of such court; "and a rule shall be made thereupon by the said court, that the parties shall submit to, and finally be concluded by the arbitration or umpirage which shall be made concerning them, by the arbitrators or umpire, pursuant to such submission."

Beyond all doubt, the plain and literal interpretation of the language used in this section, shows that the award of the arbitrators or umpire, which was designed to be adopted by the court as its judgment or decree, should not precede, but follow, the rule of court, and be made in pursuance of its terms.

But were it conceded to be doubtful, or even probable, that an award in such cases might be made, returned into court, and, without a rule previously entered on the minutes of the court, authorizing the submission and award, be adopted as the judgment or decree in the cause, there is another consideration, which, as I

think, shows conclusively, that such an interpretation ought not to be adopted.

In the case supposed, as in the case at bar, the agreement to submit the matters in controversy between the parties, and the submission comprised in the arbitration bond, and the award of the arbitrators, would be mere matters *in pais.*   The bond, or instrument entered into by the parties, like any other bond or obligation entered into, upon sufficient consideration, undoubtedly would be obligatory.   It would be good at common law, and like all other contracts of the same character, could only be enforced in the mode prescribed by the law.   It seems, hence, to be clear, that the court, in the method supposed to have been designated in the statute, could not acquire jurisdiction of the parties intended to be concluded by the decree: there being but two ways, in which jurisdiction of the person can be acquired by a court; the first, by some process or proceeding, which amounts to a legal notification to the party sought to be charged, of the pendency of the suit; the second, by his voluntary appearance and consent.   It cannot be pretended, that the transaction in reference to the submission, was in the nature of process, emanating from the court chosen by the parties; much less can it be maintained, that the appellant, who appeared and contested the jurisdiction of the court, was made a party by consent.

If correct in this view, the construction applied by the vice chancellor, would render the provisions of that section inoperative and void.   We are consequently bound to adopt a different one, unless the language employed by the legislature is so plain as to admit of no doubt, in regard to its intention.   On the other hand, the interpretation which appears to me to be the legitimate one, avoids that objection.

The second section was evidently designed to prevent litigation, and to supply a means of adjusting controversies; avoiding, at the same time, the delay and expense usually attendant upon a regularly conducted litigation in the courts.   In the pursuit of this object, we are bound to presume that the legislature were careful not to violate any principle regarded as fundamental, in the administration of justice, or to invade any right granted to the citi-

zen by the constitution. It could not have intended, in any case, to authorize a judgment or decree against a person not legally made a party to the proceeding, nor in any way to abridge the right of trial by jury. In proceedings under this section, the agreement to submit to arbitration being duly authenticated, must be filed and entered on the minutes of the court, chosen by the parties themselves. They have their day in court, and hence, have an opportunity of objecting to its action, before any order can be made by which their rights may be affected. The whole procedure is based upon the idea of mutual consent. It is this consent, which confers jurisdiction as to the person of the parties; and for that reason they will be concluded by the subsequent action of the court in the premises.

Entertaining this opinion, I dissent from the decision of the majority of the court.