*JAMES L. MOORE v. B. D. AUSTIN.

*Arbitration—Award—Practice—Evidence—Judgment.*

1. Where a cause pending in court is referred to arbitration, the legal effect of the submission and award, if not successfully assailed, is to put an end to the action by a final judgment according to the award, if the reference was under a rule of court, or if not, to defeat it by the merger in the award of the original demand.

2. To have the benefit of the award at a later stage of the cause, it must be pleaded "since the last continuance," and it is not admissible as *evidence* upon issues previously joined.

3. An agreement of the parties pending a suit to submit to arbitration, and that the submission and award shall be a rule of court, will not constitute in fact such a rule as will authorize an entry of judgment in conformity to the award.

4. An award is not evidence of an account stated between the parties to the submission, unless, perhaps, in the single event of their being no regular agreement to refer, and consequently no award capable of being enforced.

5. Where an award is enforced by a justice as a rule of. court, and the party aggrieved obtains a *recordari* in lieu of a lost appeal, an order directing the docketing of the cause for trial in the superior court is not an adjudication in any sense, upon the matters in controversy.

(*Lusk* v. *Clayton*, 70 N. C., 184; *Simpson* v. *McBee*, 3 Dev., 531, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of ANSON Superior Court, before *Avery, J.*

---

* Ashe, J., did not sit on the hearing of this case.

Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. Burwell & Walker, J. D. Pemberton* and *G. V. Strong,* for plaintiff.

*Mr. J. F. Payne,* for defendant.

SMITH, C. J.  This action to recover for work and labor done, began before a justice and coming on for trial the parties at his suggestion agreed to refer the matter in difference to two designated persons, one chosen by each for adjustment. On February 1st, 1876, three days thereafter, the arbitrators met at the house of the defendant to examine the work, when the plaintiff and defendant executed a bond in the penal sum of one hundred dollars, each to the other, to abide by the decision which might be made.  The arbitrators after inspecting the premises agreed upon their award, charging the defendant with the payment of a balance of sixty dollars and the further sum of thirteen dollars and sixty cents, the estimated costs of the reference, and reported the same to the justice, who on April 12th following, without notice, entered judgment for the sum ascertained and fixed in the award.  In October, the defendant applied for and obtained a writ of *recordari* and upon a suggestion of irregularity in its issue, a second similar writ, under which the cause was removed to the superior court, and docketed for trial and time given for filing pleadings.

The plaintiff thereupon filed his complaint setting out his original cause of action, the non-payment of the balance due for work performed, and without mention of the award. The defendant's answer denies the alleged indebtedness, sets up a special contract, work imperfectly done under it, and the plaintiff's refusal to complete it according to its terms and also relies on a counter-claim, the particulars of which are contained in an exhibit annexed.  The pleadings are further extended, but it is not necessary to refer to their

conflicting allegations in disposing of the appeal. Two issues were framed and submitted to the jury without objection or any suggestion of others.

1. Is the defendant indebted to the plaintiff? and 2. If so, in what amount?

The exceptions of the defendant are to admission in evidence of the submission to reference and the award rendered by the referees, as not a matter presented and controverted in the pleadings nor pertinent to the enquiries before the jury; to the charge of the court as to the effect of the evidence; and for the further reason that the award was passed on and adjudicated adversely in the order directing the cause to be entered on the civil issue docket for trial. If the reference is to be taken as made under a rule by which the award was to become the basis of the justices' judgment, and a determination of the cause, no defence against such judgment could be entertained which does not impeach the validity of the award for intrinsic defects apparent upon its face, for misconduct on the part of the arbitrators, or upon other grounds legally sufficient to vitiate their proceeding and annul what they may have done.

In the absence of the impeaching allegations upon the production of the award, the plaintiff would be entitled to demand judgment thereon. This course was not pursued, but on the contrary the plaintiff in his permitted complaint re-asserts and relies on the same original cause of action, and the defendant in his answer contests the right of recovery and sets up his counter-claim in the same manner as before the justice. The arbitration and its results are not noticed in the pleadings, neither by the plaintiff with a demand for final judgment thereon, nor brought forward in the nature of a plea since the last continuance by the defendant, as a bar to the further prosecution of the suit. The legal effect of the submission and award if not successfully assailed, is to put an end to the action by a final judgment

for the plaintiff if the reference was under a rule, or if not to defeat it by the merger in the award of the original demand.

If the claim be for unliquidated damages, an award for a sum certain in satisfaction is, it is apprehended, a good bar without alleging performance. Russell Arb., 504; Morse Arb. and Aw., 591.

If the reference be after issue joined and the plaintiff proceed with his action after the award is made, it may be brought forward in the nature of a plea since the last continuance as a bar to the further maintenance of the action. To have the benefit of the defence it must be pleaded, and it is not admissible as evidence upon issues previously joined. Russell Arb., 505; Morse, 592.

The agreement and award were however produced on the trial, as definitely establishing the defendant's liability and fixing the damages to be assessed against him, and to the introduction of this evidence and the ruling of the court as to its legal effect, are the material exceptions we are called on to review.

The jury were also permitted upon the evidence to determine the character of the reference and whether it was the intention of the parties it should be under a rule of court and become a basis of a final judgment.

In our opinion, if parol evidence outside of the bond containing the covenant to refer were competent to prove a further agreement to enter judgment on the award, none such was allowed to go to the jury warranting a finding of the fact. The testimony of the justice shows simply that when the case was called for trial, the defendant insisted on leaving the controversy to arbitrators, to which after some hesitancy the plaintiff assented, and each then selected one of the arbitrators, and that when the award was returned he entered up judgment in accordance with its terms. Such judicial disposition of a pending suit is only authorized

when the reference is pursuant to a rule entered by consent, and this is in practical effect an agreement to confess judgment enforced by the court. *Lusk* v. *Clayton*, 70 N. C., 184. "A rule of court to stand to a submission and award," says DANIEL, J., speaking for the court, " was according to the common law a rule entered in some of the courts at Westminster where the records and pleadings in the cause were made up. A party who consented to have such a rule entered and disobeyed it afterwards, was subject to an attachment for a contempt," and he adds that no authority is found establishing the proposition "that an agreement of the parties pending a suit to submit to arbitration and that the submission and award should be a rule of court, was in fact such rule as by the principles of the common law would authorize an attachment to issue for its violation," *Simpson* v. *McBee*, 2 Dev., 531 ; or to enter judgment, the substituted practice in this state, according to the award.

Assuming the other aspect of the case, a submission *in pais* to be enforced by the covenant to abide by the action of the arbitrators, we meet the question of admissibility of the evidence, either conclusive or *prima facie*, of the indebtedness and the amount due from the defendant. It has been held that an award upon a verbal submission may be received to support an account stated and the other common counts in assumpsit, upon the idea that the referees are a common agency and their action that of the principals they represent, and this ruling has found its way into many of our text-books. *Keene* v. *Batshorn*, 1 Esp. N. P. C., 194 ; 2 Starkie Ev., 98.; 2 Greenl. Ev., § 126.; Wat. Arb., 356.

But the authority of this decision is denied, except where the submission is too indefinite to be enforced by action, and consequently is not a contract in the later and well-considered case of *Bates* v. *Fowley*, 2 Ex. Rep., 151, in which it is declared that persons chosen to arbitrate are in no sense

agents, but judges to decide between the parties, and hence their award is not evidence of an account stated. Referring to these cases, a recent writer on evidence says: "An award is not evidence of an account stated between the parties to the submission, unless perhaps in the single event of there being no regular agreement to refer, and consequently no award capable of being enforced in law." 2 Tay. Ev., § 1565. Accepting this as a correct exposition of the law, it was error in the court to allow the evidence upon the issue arising out of the pleadings and confined to the original cause of action.

We do not assent to the argument for the defendant that the order docketing the cause for trial is an adjudication of the matters in controversy, or has any wider scope than an appeal, for which it is substituted, would have had in its removal to the superior court.

There it then stood for trial as it did previous to the judgment before the justice in whose jurisdiction it originated. For the error assigned there must be a new trial, and it is so adjudged.

Error.                                    *Venire de novo.*