Q. S. METCALF v. J. W. GUTHRIE.

*Arbitration and Award—New Action.*

1. Where an agreement to submit a matter in controversy in a pending action to arbitration, is not made a rule of Court, but in accordance with an independent agreement made outside of the action, the failure of either party to abide by the award, furnishes a new cause of action for the recovery of damages at law, or for specific performance, in a proper case, in a Court of equity.

2. In either case, the remedy must be sought in a new action, and cannot be obtained by setting it up in a supplemental complaint in the action pending.

3. A cause of action which occurred after an action was instituted, cannot be interjected in the pending action by a supplemental complaint, although it relates to the subject matter of the pending action.

4. Where an agreement to submit the matters in controversy to arbitration has been made a rule of Court, the award may be set aside for fraud, insufficiency in not disposing of all the matters referred, and for other adequate causes.

(*Simpson* v. *McBee*, 3 Dev., 532 ; *Moore* v. *Austin*, 85 N. C., 179 ; *Thompson* v. *Deans*, 6 Jones, Eq., 22 ; *Crawford* v. *Orr*, 84 N. C., 246 ; *Duncan* v. *Duncan*, 1 Ired. 466 ; *Cullifer* v. *Gilliam*, 9 Ired., 126 ; *Cowan* v. *McNeely*, 10 Ired., 5, cited and approved).

CIVIL ACTION, tried before *Gudger, Judge,* and a jury, at August Term, 1885, of the Superior Court of BUNCOMBE county.

The plaintiff commenced his action for the recovery of the land mentioned in his complaint, by suing out a summons, on February 24, 1881, and on the return day thereof, March 14, the parties entered into an agreement under seal as follows :

" In this cause, it is agreed by the parties hereto, that it be referred to William Eller, James Hemphill and Wiley Roberts, as arbitrators, to settle all matters of dispute in issue, which will appear from the pleadings to be filed in this cause, between the parties, and their judgment, or the judgment and findings of any two of them, shall be final between the parties, and upon their said findings, the Court shall enter judgment in favor of the party for whom they shall find. It is also agreed, that the said arbitrators shall employ Berry Holcombe, as a surveyor, in running the lines of the land in dispute, or any other lines which may be necessary to the ascertainment and settlement of the matters herein referred. It is further agreed, that the Court shall adjudge the party, against whom the said arbitrators shall find, to pay the costs of this reference, the costs of this suit, and any damages which the said arbitrators may report against the party failing. Witness the hands and seals of the parties, March 14, 1881."

"It is agreed that J. R. Neill, of Yancey county, be substituted for Berry Holcombe, as surveyor in the foregoing arbitration. Witness our hands and seals, March 15th, 1881."

The arbitrators made the following award:

"The undersigned arbitrators, to whom was referred all matters in dispute in the above entitled case, find that the plaintiff Q. S. Metcalf, is the owner in fee simple of the land sued for in this action, and ten dollars damages."

The pleadings were filed at the same term, no notice being taken of the agreement, in either the complaint or answer, the latter asserting title in the defendant, and his possession for more than seven years, of the part of the land claimed by the plaintiff. At Spring Term, 1882, leave was granted to the plaintiff to amend, and set up the agreement and award, in a supplemental complaint, and to the defendant to amend his answer. The supplemental or amended complaint, was filed at Spring Term, 1883, setting forth therein the facts connected with the arbitration, and the action of the arbitrators under the agreement, as well as the refusal of the defendant to comply with the award, and demanding its enforcement by the Court.

The answer put in at the same time, denies that the defendant is in possession of any land belonging to the plaintiff, while the former answer admits his possession, and asserts title, "to the part of the land claimed by the plaintiff," and in response to the plaintiff's further allegations in regard to arbitration, avers, giving the particulars in detail, misrepresentation, fraud, and deceit, practiced in procuring defendant's assent to, and his signing the agreement, and that the award is deficient, in not disposing of all the matters in dispute as shown in the pleadings, "to be filed in the cause."

The original pleadings, to the adjustment of which the agreed reference was directed, simply put in issue the title to the land, which each claims to be in himself, and the dependent results as to damages committed, and profits derived therefrom; and these are disposed of in the award.

29

There was a judgment for the plaintiff, and the defendant appealed.

*Mr. Chas. A. Moore*, for the plaintiff.
*Mr. J. H. Merrimon*, filed a brief for the defendant.

SMITH, C. J. (after stating the facts). The reference to arbitrators, was not made under a rule entered in the cause, so that judgment could be rendered on the award, and enforced as in other cases—*Simpson* v. *McBee*, 3 Dev., 532; *Moore* v. *Austin*, 85 N. C., 179—but was under an outside and independent arrangement, substituted in place of the action, to settle and dispose of one and the same controversy. The disavowal of the agreement, and refusal to abide by the award on the part of the defendant, furnished a new cause of action for the recovery of damages at law, and relief could have been obtained in equity, by a decree for specific performance, in adjusting the boundary. *Thompson* v. *Deans*, 6 Jones's Eq., 22; *Crawford* v. *Orr*, 84 N. C., 246.

But in either case, the remedy must be sought in a new action, because the right to sue, arises out of a transaction subsequent to the institution of the present suit. It could not be obtained by a supplemental or amended complaint, for the obvious reason that the cause of action did not then exist. Had the award disposed of the subject matter of the action, and the plaintiff proposed to continue its prosecution, it would have been a defence, brought forward by answer, as if payment, release or other after occurring defence were to be set up. The proceedings in reference to the award, have no proper place in the cause, and the new issues raised in the supplemental complaint, which alone were submitted to and passed on by the jury, were wholly irrelevant to the cause of action existing when the suit was brought. Had the award been under a rule of Court, the motion for judgment thereon might have been resisted upon such grounds as impeach its validity, and met by a counter-motion to set it aside for un-

·certainty in its terms—*Duncan* v. *Duncan*, 1 Ired., 466—insuffi-
ciency in not disposing of all matters referred—*Cullifer* v. *Gil-
liam*, 9 Ired., 126—excess of authority, incapable of being sepa-
rated from that which was referred—*Cowan* v. *McNeely*, 10
Ired., 5—and for other adequate causes.

The proper issues were such as arose out of the controverted
facts, other than those in the supplemental complaint, and the an-
·swer to its allegations—for unless the award could be made effectual
in determining the action, it must proceed as if no arbitration
had taken place.    It cannot aid the action, except, if at all, as
·evidence upon proper issues, referable to the commencement of
the action.    The contract to refer is executory, and may be the
basis of a new action, but, not being made under the jurisdiction
·of the Court, it cannot be enforced as a rule, in determining the
present action, unless as a settlement to put an end to it.    Let
this be certified.

Error.                                                    Reversed.