ALEXANDER JACKSON v. JOHN A. McLEAN.

*Arbitration and Award—Amendment—Recitals in Judgments.*

1. Where an agreement to submit the matters in controversy in a pending action is made out of Court, and no order of Court is made to make the award when filed a rule of Court, the Court has no power to enter a judgment on the award, but the remedy is by a new action on the award.

2. An amendment which introduces a cause of action which arose after the action was begun cannot be permitted. So where a submission to arbitration of the matters in controversy in a pending action was made by an agreement *in pais*, the plaintiff cannot amend his complaint so as to declare on the award which has been filed in his favor.

3. The recitals in a final judgment cannot change the force and effect of an order made in a previous stage of the action.

(*Lusk* v. *Clayton,* 70 N. C., 184; *Simpson* v. *McBee,* 3 Dev., 532; *Gudger* v. *Baird,* 66 N. C., 438; *Moore* v. *Austin,* 85 N. C., 179; *Metcalf* v. *Guthrie,* 94 N. C., 447; cited and approved).

CIVIL ACTION, heard before *Boykin, Judge,* at January Term, 1886, of ROBESON Superior Court.

This action was brought at the Spring Term, 1883, of the Superior Court of the county of Robeson, to recover the possession of the personal property mentioned and described in the complaint, the plaintiff availing himself of the provisional remedy of claim and delivery, at the time the summons issued.

At the appearance Term of the Court, the complaint and answer were filed. The case was afterwards continued from term to term, until at the Fall Term, 1885, an entry appeared on the record in these words: "By agreement of parties, referred to J. A. McAllister and L. T. Everett to act as arbitrators."

But pending the action, and before the last mentioned Term, on the 11th day of June, 1884, the plaintiff and the

defendant, and the defendants in sundry other actions wherein the present plaintiff was plaintiff, agreed *inter partes* in writing, "to and with each other, to submit all and all manner of actions, suits, controversies, claims and demands whatsoever, now pending, existing or held by and between the said parties in the Superior Court of Richmond and Robeson counties, to L. T. Everett, of Laurinburg, N. C., and J. A. McAllister, of Lumberton, N. C., as arbitrators, who shall arbitrate, award, order, judge and determine of and concerning the same; and we do mutually covenant and agree to and with each other, that the said award to be made by the said arbitrators, shall be final, and in all things by us be well and faithfully kept, performed and observed; that if the said arbitrators shall disagree, they have power to call in an umpire who may act with them and decide any questions, aided by the vote of one of the arbitrators, upon which they may be divided."

Pending this reference, by consent of the parties, and before the referees named, F. W. Kerchner, Robert Calder and William Calder became parties defendant in this action, and filed before the referees or arbitrators an answer to the complaint, to which the plaintiff made reply, and they were made parties to and signed the agreement to arbitrate as above mentioned.

In the action of the present plaintiff against McLean & Leach, pending in the same Court, and embraced by the agreement to arbitrate, at Spring Term, 1885, this entry appeared: " Under arbitration and award." At the next subsequent August Term, this entry appeared: " Continued under former order." At the next subsequent Fall Term, this entry appeared: " Notify arbitrators to proceed—continued under former orders."

The arbitrators named in the submission, made their award on 2d December, 1885, and immediately filed the original thereof, with the agreement to refer, in the clerk's office,

in the papers constituting the record of the suits which were pending and referred in the Superior Court of Robeson county, and also filed immediately a duplicate original of said award and agreement, in the clerk's office, in the papers constituting the records of the suits referred which were pending in the Superior Court of the county of Richmond.

The material part of the award concluded as follows:

"The arbitrators aforesaid, do hereby award and adjudge that the plaintiff, Alex. Jackson, do recover of the defendants, Kerchner & Calder Bros., the sum of fifteen hundred dollars, with interest thereon from the 1st day of November, 1882, until paid, together with the cost in all the actions pending between the said plaintiff and defendant in Richmond and Robeson, and the costs of this arbitration."

It was admitted that the agreement to refer the matter in litigation between the parties to the various suits was made by them out of Court.

Plaintiff moved for judgment in accordance with report of the arbitrators.

The defendants resisted the motion for judgment upon the award mentioned, mainly upon the ground that it was not made under or in pursuance of any order of reference of the Court, but was made under an agreement to arbitrate and settle sundry matters in dispute and in litigation, embraced by numerous actions in Court between the present plaintiff and numerous different defendants in the actions referred to, which agreement was made out of and not with the sanction of the Court.

The Court gave judgment, of which the following is a copy:

"This cause coming on to be heard, and it appearing to the Court, that the award made by the arbitrators heretofore appointed in the above cause by this Court, was by the consent and agreement of the parties, and it further appearing that the above named defendants, Kerchner & Calder Bros., have

made themselves parties defendant to this action, and no exceptions having been filed to said award, it is ordered and adjudged that said award be in all things confirmed, and accordingly that the plaintiff recover of the defendants F. W. Kerchner, William Calder and R. C. Calder, partners doing business under firm name of Kerchner & Calder Bros., the sum of fifteen hundred dollars, with interest thereon from the first day of November, 1882, together with the costs named in said award, to be taxed by the clerk of this Court."

The defendant having excepted appealed to this Court.

*Messrs. T. A. McNeill* and *W. H. Neal,* for the plaintiff.
*Messrs. Wm. Black* and *W. F. French,* for the defendant.

MERRIMON, J., (after stating the facts). It seems that the Court below treated the agreement of the parties to this action to arbitrate the matters in litigation, as being an order of reference, made by the Court by consent of the parties in writing, to try the issues of fact and law arising in the action, as allowed by the statute, (*The Code,* §420). We think it very clear that agreement cannot be so treated. It was not made in Court, but out of Court, not in pursuance or by authority of any order of reference, nor is there any order or entry recognizing it as having been made with the sanction of the Court. Indeed, there is a total absence of any order or entry in respect to it. The entry made subsequent to the agreement, "under arbitration and award," and similar entries on the record in other actions referred to, seem to have been intended as mere suggestions on the record of a cause sufficient for the continuance, that the parties were settling the matters in litigation "out of Court." Moreover, the terms of the agreement to arbitrate, do not embrace simply the matters in litigation—the issues of fact and law—in this action. They embrace "all manner of actions, suits, con-

troversies, claims and demands whatsoever now pending, existing or held by and between the parties to it," embracing numerous actions in different Courts. The agreement of the parties out of Court, to allow new parties to be made, and additional pleadings before the arbitrators, could not affect the action, because it did not have the sanction of the Court at the time it was made, or afterwards, so far as appears. The agreement to arbitrate, and the award in pursuance of it, made out of Court and with which the Court had no connection or relation, could not be enforced in this action, unless by consent, although the failure to observe and keep the terms of the agreement might be a cause of action in a new and independent action. The Court could not in this action obtain jurisdiction of the new cause of action, unless by consent of all the parties. No doubt it might in that case.

It is the order of reference that extends the jurisdiction and controls the relation of the Court to the trial by referees of the issues of fact and law—one or both—or to an arbitration and award, as to the matter in dispute, by consent of parties, under the order of the Court, and extends its authority to compel the parties to the action, by proper judgments and orders in the regular course of procedure, to do and submit to what ought to be done as the just result of the reference. Hence, when there is an order of reference in an action, by consent of the parties in writing, to try the issues of fact or law. or both, as allowed by the statute, (*The Code.* §420,) and the referees make their report, it stands " as the decision of the Court, and judgment may be entered thereon upon application to the Judge." In such case, if either or any party shall object to the action of the referees, he must do so in the course of the trial before them, as directed by the statute, (*The Code*, §422,) else he will be concluded, if the objection be one that ought to be then made. In such case, the Court can, and will compel the parties to a

due observance of the terms and effect of the reference, and all proper proceedings, reports, orders and judgments consequent thereupon. Such a reference is of and part of the action. And so in this case, if there had been a proper order of reference, the plaintiff might have been entitled to judgment, but as we have seen, there was none.

It is clear there was no such reference in this case as that above mentioned. The Court might, in the exercise of its general power, by consent of parties, have referred the matters in litigation to arbitrators, providing that their award should be a rule of the Court. In that case the Court might —would—in a proper case, compel the parties to submit to the award. *Lusk* v. *Clayton,* 70 N. C,, 184; *Simpson* v. *McBee*, 3 Dev., 532; *Gudger* v. *Baird*, 66 N. C., 438.

It is otherwise, however, and for the reasons already stated, when there is no such order of reference, and the parties agree out of Court, and without its sanction, to arbitrate. *Simpson* v. *McBee, supra*; *Moore* v. *Austin,* 85 N. C., 179; *Metcalf* v. *Guthrie*, 94 N. C., 447.

In the latter case, the party complaining can only find a remedy in another action. He cannot successfully obtain leave to file an amended complaint, and allege the new cause of action created by the award, because it arose after the pending action began. And if the award settled and concluded the cause of action, and the plaintiff should prosecute the same further, the defendant might, by amended answer, plead that the cause of action had been settled and merged in the award, and thus defeat the plaintiff's recovery.

It is recited in the judgment appealed from, that " it appearing to the Court that the award made by the arbitrators heretofore appointed in the above cause by this Court was by the consent and agreement of the parties," &c. This recital cannot be regarded as conclusive or sufficient, because it relates to an essential order, which, to have force and effect, must appear in the record. If the Court in fact appointed

the arbitrators by the consent of the parties, and a. proper order of reference was really made in that respect, then the Court ought to have directed the entry of it *nunc pro tunc.*

But it seems that this recital was based upon the fact that the agreement to arbitrate, was referred to once or twice in the record, as a reason for the continuance of the action. As we have seen, such casual, indefinite entry, without connection other than such as appears, could not be treated as even a memorandum of a proper order of reference, especially, as the written agreement to arbitrate makes no mention of or reference to any order of reference or appointment of arbitrators by the Court. Besides, it is stated in the case settled on appeal, "that the agreement to refer the matters in litigation between the parties to the various suits, was made by them out of Court," and it appears, that it was made many months before the Court took notice of it in the record.

. Therefore we think the Court erred in giving judgment for the plaintiff upon the report and award mentioned in the record. The judgment must be set aside, and further proceedings had in the action according to law. To that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.