(Metcalf v. Guthrie, 94 N.C. 447; Jackson v. McLean 96 N.C. 474; cited and approved.)
With the issue of the summons, on 1 July, 1883, the plaintiff sued out a warrant of attachment against the defendant, a nonresident debtor, which was levied upon two stocks of goods, one at Waynesville and one at Pigeon River, as his property. The defendant disclaimed any interest in the last mentioned goods, and upon his own, and a series of affidavits of others, for matters therein set out, moved to vacate (40) the order of attachment, which being heard at Chambers, was modified by reducing the plaintiff's demand to $582.50, and directed the sheriff to retain only so much of the goods as would satisfy that sum and the costs incidental to the action, but a vacation of the order was refused; whereupon both parties caused appeals to be entered, that were not, however, prosecuted. *Page 52 
The parties just before filing the pleadings, and while the action was pending, with a view to a settlement of the controversies that had sprung up and become connected with the original cause of action, entered into an agreement in these words:
"Whereas, a civil action is pending in the Superior Court of Haywood County, between J. R. Long, plaintiff, and J. B. Fitzgerald, defendant, and whereas an attachment which was issued in said cause, was levied on a stock of merchandise in Waynesville, and also a small stock of goods at Clyde Station, and whereas the Hon. J. C. L. Gudger has ordered a modification of the said attachment, so as to hold thereunder enough to satisfy the sum of $582.50, and to return the remainder of the goods levied on the defendant, from which order the said J. R. Long as well as the said J. B. Fitzgerald have appealed to the Supreme Court: Now, therefore, we, J. R. Long and J. B. Fitzgerald, do hereby agree to refer this whole cause, together with the appeal, and it is a part of this agreement, that the arbitrators are to decide whether the stock of goods levied on at Clyde Station was the property of the defendant at the time it was levied on, and whether they are liable to satisfy the plaintiff's recovery in this action, in case he obtained judgment aforesaid, to A. L. Herren, W. W. Stringfield and John A. Ferguson as arbitrators. And under this agreement, it shall be their duty to settle all matters in dispute between the parties to this action, and also any claim of defendant (41) for damages on account of said attachment, and the attachment as originally issued and levied, is to remain in force, and the goods to remain in the sheriff's custody, to abide the award of the said arbitrators. But this last agreement is not to affect the defendant's claim for damages, as above set forth. And we do hereby mutually covenant to and with each other, that we will each faithfully abide by and perform the award of the majority of said arbitrators, and their award, or that of a majority of them, is to be entered as the judgment of the court in this cause. This 24 August, 1885."
The award was as follows:
"Whereas, an action is pending in the Superior Court of Haywood County in the above-entitled cause, and whereas, the parties plaintiff and defendant have agreed in writing, dated 24 August, 1885, to refer the whole cause to A. L. Herren, W. W. Stringfield and J. A. Ferguson, as arbitrators, to hear and determine all the matters in dispute, and whereas, they further agreed in said writing to abide by the award of said arbitrators;
Now, therefore, we, the undersigned, in pursuance of the above agreement, met at the court room in the town of Waynesville, on 27 August, 1885. After hearing the evidence and argument of counsel, which was *Page 53 
concluded on 31 August, 1885, we find as our judgment and award, and so return to the Superior Court of said county, as follows, viz.:
1. That the defendant, J. B. Fitzgerald, was not a member of the firm of J. S. Fitzgerald Co., doing business at Clyde; we therefore adjudge that the attachment be dismissed, and that said goods be returned to J. S. Fitzgerald Co.
2. That the plaintiff had no cause of action on 1 July, 1885, and that the attachment levied on the stock of goods at Waynesville be dismissed, and that the plaintiff pay the costs of said attachment, (42) to be taxed by the clerk.
3. That the plaintiff, through his agent, contracted with the defendant's agent, on 28 March, 1885, for the sale of a stock of goods then in the town of Waynesville and to arrive soon, which stock, on 7 April, 1885, amounted to the sum of $2,450, as per contract, at "first cost," including five per cent.
4. That the defendant paid plaintiff on said amount, one note, including interest thereon, amounting to $1,567.50, and to plaintiff's agent, G. A. P. Long, $150 (including one-half month's wages to plaintiff's agent), making in all $1,717.50.
5. That the attachment levied on the stock of goods in the town of Waynesville on 1 July, 1885, be dismissed at the plaintiff's cost.
6. That the damages sustained by the defendant by reason of said attachment, are $432.50, which amount is to be taken from the above $2,450 in addition to the $1,717.50, leaving a balance of $300 due the plaintiff.
7. That the plaintiff should not have the house bought of Reeves to pay for, but in case he has said debt to pay, then the defendant, J. B. Fitzgerald, should become liable to plaintiff for the said debt.
8. That the defendant shall have ninety days from the time that the possession of the goods is given him to pay the balance on said goods.
9. That the sheriff at once put the defendant in possession of the said goods and house.
10. That the plaintiff pay the cost of the action, except one-half of the cost of this arbitration, which one-half shall be paid by the defendant and the other half by the plaintiff.
11. That we each charge for five days services in this arbitration at three dollars per day, making the amount due each $15.
12. That the clerk of said county tax the cost as above (43) adjudged."
The plaintiff filed the following exceptions to the award:
"1. For that the arbitrators exceeded their powers in dismissing the attachment and ordering the goods taken under the attachment at Clyde Station to be released to J. S. Fitzgerald Co. *Page 54 
"2. That said arbitrators exceeded their powers in finding `that the defendant, J. B. Fitzgerald was not a member of the firm of J. S. Fitzgerald Co., doing business at Clyde,' in that no such matter was referred to them.
"3. For that the said arbitrators failed to decide the question of rents due from defendant to plaintiff.
"4. For that said arbitrators failed to decide whether defendant hired G. A. P. Long from the plaintiff, and how much was due plaintiff for said G. A. P. Long's services as clerk.
"5. For that said arbitrators exceeded their powers in dismissing the attachment which was levied on the goods at Waynesville.
"6. That said arbitrators exceeded their powers in awarding the costs to be paid by plaintiff.
"7. That said arbitrators exceeded their powers in awarding damage to the defendant, and at the same time ordering the same to be taken from the amount due plaintiff for sale of goods.
"8. For that the said arbitrators exceeded their powers and erred in the law, in that they awarded that the $300, which they found due the plaintiff, should not be payable by defendant until ninety days after the possession of said goods should be given to him (defendant).
"9. That said arbitrators exceeded their powers and violated the law in awarding `that the sheriff at once put the defendant in possession of said goods and house.'
(44) "10. For that the award is contrary to the law, in that it finds as a fact and a conclusion of law `that the plaintiff had no cause of action on 1 July, 1885.'
"11. For that said arbitrators failed to decide whether defendant agreed to pay the balance due upon the goods in three months or not.
"12. That said arbitrators failed to decide and find what per cent of the sales made by the defendant had been paid to plaintiff."
The defendant brought forward an amendment to his answer, in the nature of a plea since the last continuance under the former practice, this award, as a defense and in bar of the further prosecution of the suit, the course suggested in Metcalf v. Guthrie, 94 N.C. 447, as the proper one to be pursued when the award is such as puts an end to the action.
To this the plaintiff replied, alleging the award to be irregular, illegal and void, for reasons contained in the impeaching exceptions already on file in the cause. Upon the hearing the court adjudged that the arbitrators had not power to order the redelivery of the attached goods to the defendant until the rendition of judgment upon the award, and sustained the first exception of the plaintiff. *Page 55 
The other exceptions were overruled, and judgment rendered for the plaintiff in the sum of $300, with interest from 1 September, 1885, and against him for costs, except half the allowance to the arbitrators, to be paid by the defendant in accordance with the terms of the award.
From this judgment the plaintiff appealed.
As is said in the opinion in Metcalf v. Guthrie,94 N.C. 447, unless the reference was under an order made in the cause, the award could not, without the acquiescence of parties, in its various parts, become the judgment of (45) the court, except as disposing of the action and barring its future prosecution. But there is no reason why, by consent, this may not be done, and thus the whole controversy determined.
This result is accomplished by entering up judgment for the sum awarded the plaintiff, with costs, except those mentioned, against the plaintiff.
We concur with the rulings of the court upon the exceptions, and in filing them to be acted on by the court, all objection to the assumption and exercise of jurisdiction in disposing of them, as matters introduced in the case, has been waived.
The case is wholly unlike that of Jackson v. McLean, 96 N.C. 474, in which the right to take cognizance of the award, and enforce it, is strenuously denied. But for this concession, we should be compelled to follow that course of action, and leave the award to be enforced in some other way.
Obviously, the award embraces the whole subject-matter submitted, and must be understood as covering everything in the submission — the claim for rents, in disallowing it, as is specially mentioned.
The only point, then, presented for review, is as to the interference in so much of the award as directs an immediate restoration to the defendant of his attached goods, and this ruling is not unfavorable to the plaintiff, for it follows the payment of the debt due him, and is only a security for the debt. The award is complex, consisting of many parts, and must be performed, if at all, as an entirety.
Hence, as the suit is not dismissed, and the plaintiff recovers the $300, the result of the adjusted demands of the parties, the dissolution of the attachment at once exposes the same property to seizure and sale, and can work no practical injury to the plaintiff. Of this the defendant does not complain. Thus, the jurisdiction over the (46) *Page 56 
award, exercised with the acquiescence of both, settles the whole matter in controversy, and renders unnecessary a resort to a new action for its enforcement.
There is no error, and the judgment is affirmed.
No error. Affirmed.
Cited: Reizenstein v. Hahn, 107 N.C. 158; Kelly v. R. R., 110 N.C. 432;Peele v. R. R., 159 N.C. 62.