R. A. PEELE ET AL. v. NORTH AND SOUTH CAROLINA
RAILWAY COMPANY.

(Filed 17 April, 1912.)

1. **Arbitration and Award—Agreement in Pais—Enforcement by
Judgment.**

Except by statutory provision a court has no power to enter
summary judgment on an arbitration and award arising by
agreement *in pais* and not an incident to a pending suit.

2. **Same.**

Where suit is pending between the parties, and more espe-
cially after issue joined, and there is an agreement to arbitrate,
the award to be made a rule of court, the award may be en-
forced by judgment entered in the cause.

3. **Same—Fraud—Objection and Exception—Trial by Jury—Prac-
tice.**

After an action has been commenced and issue joined, and an
agreement to arbitrate has been made by the parties out of
court, containing a stipulation that "the award shall be entered
as judgment in the cause," the award may be entered and en-
forced by final process if it is otherwise valid, giving the parties
opportunity to except thereto on the ground of fraud, etc., and
have the issues thus raised to be determined by a jury.

4. **Same.**

After suit commenced and issue joined between the parties
for damages against a railroad company. for alleged negligence
in injuring the plaintiff's lands by fire from defendant's passing
locomotive, they entered an agreement to arbitrate, out of term,
with the stipulation that the defendant should promptly pay
"all awards made by the arbitrators, and the same shall be
entered as judgment in the cause" so as to become binding be-
tween the parties." After the award had been rendered and
when the cause was called for trial, the defendant filed affidavits
tending to impeach it for fraud and partiality on the part of
the arbitrators. On the issues thus joined the jury found for
the plaintiff. Judgment on the verdict was *Held*, no error.

APPEAL from *Cooke, J.,* at October Term, 1911, of SCOTLAND.

This was a civil action. The plaintiffs alleged that the de-
fendant was a corporation, doing and carrying on the business
of a railroad and common carrier, and that on 26 October,
1909, it ran its locomotives on its railroad and negligently per-

mitted sparks of fire to be emitted from its locomotives, and that the said sparks of fire ignited the property of the plaintiffs, which was situated contiguous to or near the railroad, and set fire to and damaged the plaintiff's property in the sum of $360.

The defendant, answering the complaint, denied that it was guilty of any negligence, as alleged in the complaint, and denied that the plaintiff was entitled to any recovery against this appellant.

After the cause was at issue, and out of term, the parties entered into a written agreement, duly signed, to arbitrate the question at issue and on the amount of damages. The agreement recited and referred to the suits pending, provided for arbitration by arbitrators selected and sworn, etc., and concluded with the stipulation that defendant "shall promptly pay all awards made by said arbitrators, and the same shall be entered as judgment in the cause so as to become fully binding on all parties hereto." The arbitrators, having been selected and sworn as per agreement, and notice having been duly served, met and made award that the amount of damages due from defendant to plaintiff was in the sum of $360. When cause was called for trial at October Term, 1911, these facts were made to appear by affidavit, and plaintiff moved for judgment according to the award, and defendants filed counter-affidavits tending to impeach the award for fraud and partiality on part of umpires, etc., and thereupon, over defendant's objection, issues were submitted to the jury and the following verdict was rendered:

1. Was there an arbitrament and award as to the amount of damages in which plaintiffs are entitled to recover in this action? Answer: Yes.

2. Were the arbitrators thereof wrongfully and corruptly biased and prejudiced in favor of the plaintiffs? Answer: No.

Defendant duly excepted.

There was judgment on the issues and the award for the amount of verdict, and defendant further excepted and appealed.

*Coxe & Dunn for plaintiff.*
*W. H. Neal for defendant.*

HOKE, J., after stating the case: Except by statutory provision, a court has no power to enter summary judgment on an arbitration and award arising by agreement *in pais* and not as incident to a pending suit. Where suit is pending between the parties, and more especially after issue joined, and there is an agreement to arbitrate, the award to be made a rule of court, in such case the award may be enforced by judgment entered in the cause. There is also ample authority for the position that on action pending and issue joined, though the agreement to arbitrate be made out of court, if the agreement contains the stipulation, as in this case, "That the award shall be entered as judgment in the cause," the award, if otherwise valid, may be so entered and enforced by final process. *McCall v. McCall,* 36 S. C., pp. 80-85; *Farrington v. Hamblin,* 12 Wendell, 212; *Corrigan v. Rochefeller,* 67 Ohio St., 354; *Rodgers' heirs v. Nall,* 25 Tenn., 29; *Wear v. Ragan,* 30 Miss., 83; 11 Enc. Pl. and Pr., p. 1049.

It would seem that the decisions of this State have been against this position, though in much the larger number of them, as in *Jackson v. McLean,* 96 N. C., 474; *Metcalf v. Guthrie,* 94 N. C., 449; *Monie v. Austin,* 85 N. C., 179, cited and relied on by defendant, the question was not really presented, as the agreement in those cases did not contain the stipulation that the award should be made the judgment of the court in the pending cause; and in *Long v. Fitzgerald,* 97 N. C., 39, where this provision did appear, there judgment upholding the award was affirmed. The only case we find with us which directly sustains the view that an award pursuant to agreement made by the parties out of court may not be entered as judgment in the cause, though containing stipulation that this might be done, is *Simpson v. McBee,* 14 N. C., 531. The learned judge in that case recognizes that a different practice may have then prevailed in England under a statute from the time of 9 and 10 William III., ch. 15, and we think that the contrary view presented and sustained by the authorities here-

tofore cited should prevail in such cases, and, if the award is otherwise valid, that judgment thereon should be entered in the pending cause. This ruling requires and is predicated on the position that the parties are to be afforded opportunity to object to the award and its validity by exceptions and the issues so arising to be determined by the jury if that mode of trial is insisted upon. This was the course pursued in the present case and we find no reason for disturbing the result of the trial. The judgment, therefore, will be affirmed.

No error.