Gaston, J.
 

 In the case made for the consideration of this court, it is stated that the exceptions taken by the defendant to the award, returned by the referees, were sustained by the court and the award set aside. If we are to understand by this, that the court decreed that the plaintiff should not be permitted to avail herself of that award in anyway, either by action or by a bill in equity, we should hold sqch decree erroneous; first, for that it transcended the jurisdiction of the court, and secondly, because, though the award might not be warranted by the
 
 rule
 
 oí reference,
 
 non constat
 
 but that there was a more extensive submission, that might render it available between the parties. But we do not so understand the act of the court. By a rule of court in this cause the matter therein depending was referred, and the award, if sanctioned by the court, was according to our practice to become a judg ment. Exceptions were made to it, as an award
 
 under that rule,
 
 and the court sustained these exceptions; and set it aside so far as to refuse to render a judgment thereon. In doing this we are of opinion there was no error.
 

 There are objections to the award, which we think insuperable. The submission can be understood as extending no further than to the matter disputed in the suit — the right of the plaintiff to the possession of the premises described in the declaration. Under this submission, the referees
 
 “
 
 find that the plaintiff Mary Duncan has paid the defendant Roland Duncan $1544, and therefore award to her three fourths of the whole amount of land purchased of the executors of Charles Finlay deceased, to be taken off of the upper part of said land.” What is
 
 the had
 
 purchased from the executors of Finlay? There are eight distinct tracts set forth in the declaration. Are all these embraced within this description? If not all, which of them are comprehended therein? The award is wholly uncertain in this respect — and nothing appears whereby that uncertainty can be removed.
 

 But they award to Mary Duncan three-fourths of this land, “ to be taken off of the upper part.” From the strong
 
 *469
 
 disposition which Courts feel to support awards, and the sequent liberality in expounding them, an award to Mary Duncan of the land described in the declaration, or any defined part thereof in severalty, or of any undivided share thereof, might be understood, by reference to the action, as a finding that judgment be rendered for the whole, or such part, or such undivided share. But they award three-fourths, to be taken off of the upper part.
 
 This
 
 cannot be done by a judgment in ejectment. How is it to be done? It must be by some future action of the parties. And when we connect this future action with the introductory part of the award, setting forth that Mary Duncan has paid so much on account of the land, we are obliged to understand that the referees intended to decree that the defendant should convey such an interest. So understood, the award goes beyond the rule of reference.
 

 It has been argued that judgment may be entered for the three undivided fourth parts, disregarding the direction that they be taken off of the upper part of the land. But this we cannot do, for it would be to alter the award. It does not consist of two distinct matters — the one within, the other without the submission — but it is one indivisible award, and judgment must be rendered in pursuance thereto or not at all.
 

 Per Curiam, Ordered that this opinion be certified to Court below.