Nash, J.
 

 In the Superior Court the motion of the defendant,in substance, was for a judgment upon the award, upon the ground, that the award had decided that he was not bound to pay the debt. This motion the presiding Judge refused, because, by the submission, the arbitrators had no power to enquire into his personal responsibility. Though the order was very loosely drawn, we agree with his Honor. That question was not within the order of reference, and therefore, there was nothing, upon which
 
 *7
 
 the defendant could ground his motion. His Honor was correct in reversing the judgment of the County Court, setting aside the award. They had no power to do so. The parties were entitled to the benefit of it, as far as it was legally made. The Court having refused to render judgment for the defendant on the award, left the case for trial as in any other case. We do not concur in the opinion, giving judgment at that time for the administrators upon the award, and leaving the case, as to Mc-Neely’s personal liability, to be tried thereafter. There cannot be a final judgment upon one part of a case at one time, and upon another part at a different lime. This question, however, is not directly before us, and we affirm the judgment in the Superior Court, refusing the motion of the defendant, because the Court had no power or authority to grant if, for the reason it gave. Let this opinion be certified to the Court below.
 

 Fur Cltriam.
 

 Ordered accordingly.