### NANCY STEVENS v. NATHAN BROWN.

*Arbitration and Award.*

1. It is within the discretion of arbitrators to choose an umpire before or after disagreement:; if before, the award is that of the umpire; if after, it is that of the arbitrators; and the joining of the other in the award of either will not vitiate.

2. Arbitrators have no right to award compensation for their services unless the power to do so is expressly contained in the submission.    But this will not vitiate the award *in toto* where the matters disposed of are separable—approving *Griffin* v. *Hadley*, 8 Jones, 82.

(*Borretz* v. *Patterson,* Tay. Rep , 37 ; *Carter* v. *Sams,* 4 Dev. & Bat., 182; *Griffin* v. *Hadley,* 8 Jones, 82 ; *Cowan* v. *McNeely,* 10 Ired., 5, cited and approved.)

CIVIL ACTION to recover possession of land tried at Fall Term, 1879, of BUNCOMBE Superior Court, before *Graves, J.*

The action having been depending for several terms, it was agreed at fall term, 1879, of said court, that the cause

should be referred to arbitrators to settle the differences between the parties, when the following entry was made upon the docket : " It is agreed by the parties to the above entitled action that the issues therein be referred to R. V. Blackstock and T. C. Westall, as arbitrators, with leave to choose an umpire in case they cannot agree. The said arbitrators may go upon the premises in dispute, and hear testimony. They shall make their report to the present term of the court, and their award shall be final." The award was made in behalf of the plaintiff and for the costs of action ; and they further awarded as compensation to the arbitrators, six dollars to Westall and B. F. Patton (umpire) each, and eight dollars to Blackstock, as part of the costs.

The defendant excepted to the award on two grounds : first, that the proceedings of the referees chosen in the case and the award filed therein are irregular and invalid, for that, it does not appear from the face thereof or otherwise, that the parties could not agree before they chose the said so-called umpire ; and secondly, for that, the said referees undertake to fix and award their own compensation. The exceptions were overruled by the court, and judgment rendered according to the award, from which the defendant appealed.

*Messrs. T. F. Davidson* and *Mason & Devereux*, for plaintiff. *Mr. James H. Merrimon*, for defendant.

ASHE, J. There is no error in the ruling of the court upon either of the exceptions. It is the policy of the law to sustain awards by giving them a liberal construction, and not allow them to be set aside upon light and technical objections. In the case of *Borretz* v. *Patterson*, Tay Rep., 37, Chief Justice TAYLOR held that "awards are to be construed liberally, and nice objections ought not to be allowed to defeat them. * * * To adapt the rigorous rules to

them, or pursue them through the endless subtlety of refine-ments, would be in truth to render awards of no use in the main purpose of their introduction, that is, adjusting the controversies of men before a domestic tribunal, unattended with expense, trouble or delay." And in the case of *Carter* v. *Sams,* 4 Dev. & Bat., 182, it is held that " the court will always intend everything to support awards, and give a con-struction to an award that it may be supported, if possible."

It matters not at what time during the progress of an ar-bitration the umpire is appointed. It is within the discre-tion of the arbitrators to appoint him before or after their disagreement. Where a submission to the award of two persons authorized the appointment of an umpire by them, if they disagree, it was held they might choose an umpire before they entered upon the inquiry. *Bates* v. *Cooke,* 17 E. C. L. Rep., 407.

The award in our case is either the award of the umpire or the award of the arbitrators. Take it either way, and it is good. If the appointment of the umpire by the arbitra-tors was proper at the time he was chosen, then it is his um-pirage, and their joining with him will not vitiate; for a mere stranger may join in an award or umpirage without invalidating the proceeding. But if on the other hand the arbitrators had no right to choose an umpire before disa-greement, then it would be their award, and the fact of the umpire's joining in it would not vitiate it. In the case of *Soulsby* v. *Hodgson,* 3 Burr. Rep., 1474, there was a submis-sion to arbitrators with power to choose an umpire, if they could not agree in a certain time. They failed to agree within the limited time, but chose an umpire. The umpire accordingly made an award and the arbitrators joined in it. The court were clear that this was the umpirage of the um-pire alone, and held he was at liberty to take what advice or opinion or assessors he pleased. And again, in *Beck* v. *Sargent,* 4 Taun. Rep., 232, which was a case where there

was a submission to arbitrators to make an award, and if they could not agree within a limited time, then to appoint an umpire. They did not agree within the time, but chose an umpire and then joined with him in his umpirage. Chief Justice MANSFIELD said, what the arbitrators did in making the award was nothing, and the award in law is the award of the umpire alone; it was nothing more than if mere strangers had joined in the award, and could not vitiate. And HEATH, J., who sat in the same case, said, it has been decided in very old cases that the circumstance of another joining with the arbitrators in making an award, does not vitiate.

As to the other exception, as we have said, there was no error in the ruling of the court. The compensation awarded by the arbitrators to themselves did not lie within the terms of the matter submitted, and consequently was not within the scope of the arbitrators' powers. But for that reason, the arbitrament is not void *in toto*. It may be bad in part and good in part. And where an arbitrator disposes of matter which was referred, and also of other matter which was not referred, and the two are in their nature separable, it is the duty of the court to distinguish them and give judgment for that which is within the terms, and reject that which is without. *Griffin* v. *Hadley*, 8 Jones, 82; *Cowan* v. *McNeely*, 10 Ired., 5.

There is no error. The judgment of the court below is affirmed. Let this be certified.

No error.                                        Affirmed.