JOHN B. KNIGHT v. RICHARD HOLDEN.

*Arbitration—Possession—Costs.*

K. and H., by agreement in writing, submitted all matters in dispute between them, "including the title and right of possession" to a tract of land to the arbitrament of B., who awarded that, upon the payment of a certain sum by H. to K., the title to the land should be vested in H., and that thereupon K. should convey, and in default of payment the land should be sold by commissioners, and the proceeds applied to the satisfaction of the amount awarded to be paid. The land was sold and purchased by K., who brought suit to confirm his title and for other relief. The defendant assailed the award, and particularly that part which directed the sale, and upon the trial, it was adjudged so much of the award as directed the sale was void, but that plaintiff held the legal title to the land and was entitled to have it charged with the amount fixed by the award, and gave judgment against defendant for costs : *Held—*

1. That the arbitrator did pass upon the right to the possession, when he awarded that the title was in K., the right of possession following the title.

2. That defendant was properly adjudged to pay the costs.

This is a CIVIL ACTION, which was tried before *Graves, J.,* at September Term, 1889, of FRANKLIN Superior Court.

While an action by the plaintiff against the defendant for the recovery of certain personal property, of· which the latter had taken possession, under a claim of right thereto, was pending in the Superior Court of Franklin, the parties, with a view to an adjustment of matters in controversy, entered into ·a written agreement to submit the same to arbitration, as follows :

" We agree to refer all matters in dispute between us, including the title and right of possession to a lot situated in the town of Youngsville, adjoining the lands of M. Woodlief, Dora Green, Joseph Young and John Young, con-

taining seven acres, and including an action for claim and delivery, now pending in Franklin Superior Court, at the instance of John Knight against Richard Holden, and all claims in regard thereto, to C. M. Busbee, as arbitrator, and we agree to stand by, abide and perform his award.

"Witness our hand and seal, July 11, 1885."

The arbitrator proceeded to hear the evidence and made his award in these words:

"In respect to the matter referred to me, as arbitrator, in the foregoing agreement of arbitration, I award as follows:

1. That Richard Holden, Sr., pay to John R. Knight the sum of two hundred and seventy-five dollars, and that upon payment thereof, the title and right of possession of the lot of land, described in said agreement of arbitration, be vested in said Richard Holden, Sr., in fee.

2. That upon payment of said two hundred and seventy-five dollars to said John R. Knight, he, the said John R. Knight, shall execute and deliver to said Richard Holden, Sr., a good and sufficient deed of quit-claim in fee in and to said lot of land.

3. If the said Richard Holden, Sr., shall fail to pay the said John R. Knight said sum of two hundred and seventy-five dollars within sixty days after the date hereof, then Jos. J. Davis and Chas. M. Cooke, as commissioners, shall sell said lot of land at public sale in the town of Youngsville, to the highest bidder for cash, after advertisement for ten days, by notice posted at the Railroad Warehouse in said town, and upon such sale shall execute title to the purchaser, and out of the proceeds of sale pay the expenses of sale, including five per cent. commissions to said commissioners, and the said two hundred and seventy-five dollars to said John R Knight, and the balance then remaining, to the said Richard Holden, Sr.

4. If, upon tender of said two hundred and seventy-five dollars by said Richard Holden, Sr., to said John R. Knight,

the said John R. Knight shall fail to execute and deliver the quit-claim before mentioned, then the said commissioners shall sell said lot of land in manner as aforesaid, and out of the proceeds of sale shall pay the said John R. Knight said sum of two hundred and seventy-five dollars, less the expenses of sale and commissions as aforesaid, which shall be paid out of said two hundred and seventy-five dollars, and the balance of the proceeds shall be paid to the said Richard Holden, Sr.

That the action pending in the Superior Court of Franklin County, wherein said John R. Knight is plaintiff and said Richard Holden, Sr., is defendant, shall abate, each party to pay his own cost. This 20th day of August, 1885."

In pursuance of the award, the land was, after advertisement, put up and sold by the commissioners to the plaintiff at the price of two hundred and seventy-five dollars, and their deed made to him therefor. The present action is to recover compensation for trespasses committed on the land, to have title declared to be in the plaintiff, and for a perpetual injunction against the committing of further waste, for which, by reason of defendant's alleged insolvency, no redress could be obtained. Upon the trial, the Court rendered the following judgment:

1. That the award of C. M. Busbee, in so far as it provides for the sale of the land described in the complaint, and the sale of said land, and the deed made by the commissioners in pursuance of said sale, be and is hereby set aside

2. That the plaintiff hold the said land charged with the sum of two hundred and seventy-five dollars.

3. That the defendant shall have ninety days in which to pay said sum, and upon its payment the plaintiff is directed to make title to the defendant for said land, and to deliver possession thereof to the defendant.

4  That upon the default of the defendant to pay the said sum within the said time, then C. M. Cook and J. W. Hinsdale are appointed commissioners, and directed to sell the said land in Youngsville for cash, after thirty days' advertisement at the court-house and four other public places in Franklin county, and out of the proceeds to pay to the said plaintiff the sum hereinbefore adjudged to be due to him, and the balance to pay to the defendant, after retaining cost of sale, including a commission of five per cent. to each.

5. That the plaintiff recover against the defendant the costs of this action.

The defendant at the trial admitted the legal title to the *locus in quo* to be in the plaintiff, and set up an equitable title in himself, insisting that the award of the arbitrator is void, and that it certainly is void, in so far as it provides for the sale of the land.

The action was tried before his Honor upon the pleadings, upon the suggestion that, if he should sustain the award, it would not be necessary to go any further in the trial of the case.

His Honor held that the award was void, in so far as it provided for a sale of the land, and set it aside to that extent; and, also, held that the defendant must pay all the costs, though his Honor sustained the defendant in his equitable defence, and held that the plaintiff could not recover upon his legal title, but that he held the land in trust for the defendant to secure the amount of the award and costs ($275) due to him, and ordered a judgment accordingly, and all costs.

From this judgment the defendant appealed.

*Messrs. C. M. Cooke* and *N. Y. Gully*, for the plaintiff.
*Mr. J. W. Hinsdale*, for the defendant.

SMITH, C. J. (after stating the case). The sufficiency of the terms of the submission to sustain so much of the award as authorizes and directs a sale of the land upon the occurring contingency, adversely decided by the Judge, is not before us, as the plaintiff, acquiescing therein, does not appeal; and it is plain that the excess of the arbitrator, being severable from the rest of his award, does not invalidat · what is done within the terms of the reference. *Griffin* v. *Hadley,* 8 Jones, 82, citing *Cowan* v. *McNeely,* 10 Iredell, 5.

It is insisted by the appellant that the award is inoperative and void, because it does not dispose of the question of title and right of possession. We do not concur in this view of the award. The title, if not in direct terms, by clear and irresistible implication, is declared to be in the plaintiff, and this was admitted at the trial. At the same time, the land is declared to be charged with the sum of two hundred and seventy-five dollars due to the defendant. Possession follows title, and is drawn to it—nothing else appearing to the contrary—and so the award, in legal effect, in determining the one, determines the other. Hence the necessity of the sale to discharge the attaching incumbrance. The award, then, does pass upon both inquiries as fully as if expressed in more particular terms.

The last objection is to the judgment taxing the appellant with the cost of the action. In this we find, also, no error. The defendant resists the award as ineffectual *in toto,* and, in this, is overruled, and the same relief given as was attempted to be given by the arbitrator, so that the present action was necessary to secure the fruits of the award, and the general rule prevails which taxes the unsuccessful party with the costs of the action.

The case relied on to sustain the contention of the appellant (*Vestal* v. *Sloan,* 83 N. C., 555) is not in point. There, the defence was a trust to redeem the land, whose possession was sought to be recovered in the suit, and most of the costs

were incurred in determining this controversy, in which the defendant prevailed.   As, under a divided system, this relief against an action of the legal owner to recover his land would have to be sought in a Court of Equity, the cost of which would fall upon him, so he must be charged when the same result is reached in an equitable defence relied on in the single action which now admits it.   Here, the defence is, that the award is invalid, and the defendant fails in his resistance to its enforcement, and, of course, ought to pay the costs his conduct has rendered necessary.

There is no error.                               Affirmed.