BETTY J. BRYAN v. A. B. JEFFREYS et al.

*Arbitration—Award—Depositions—Estoppel.*

1. Where it appeared that no notice had been given to the adverse party of the taking of a deposition, and that it had not been passed upon by the Clerk, as provided by § 1357 of *The Code*, it was held that an objection to its reception might be taken on the trial of the action.

2. Where the submission to arbitration was under seal, and conferred upon the arbitrators therein named authority to call in a third party in case they could not agree: *Held*, (1) that the selection of such third party before any disagreement, and his participation in the award, did not vitiate it; and (2) that it was not necessary that his appointment should be under seal.

3. Where one of the parties to an arbitration has performed a part of the award, he is estopped from afterwards assailing it because it transcended the scope of the agreement upon which it was based.

4. The fact that arbitrators included in their award a sum not in dispute, but which was the basis of the disputed transaction, and without which the award would have been incomplete, will not make it void, and especially so when the agreement to refer submitted the question " of the amounts and sums due between" the parties.

This is a CIVIL ACTION, which was tried before *Bynum, J.*, at April Term, 1889, of GRANVILLE Superior Court.

On the 16th day of November, 1886, the plaintiff and R. M. Jeffreys, one of the defendants, entered into the following agreement:

"WHEREAS, Matters have arisen between Mrs. B. J. Bryan and R. M. Jeffreys, both of said county and State, touching the amounts and sums due between them on account of the rental of her Governor Bell place in said county, which said matters they are unable to settle and decide between themselves; and, whereas, each party desires to avoid litigation:

"Now, therefore, they do each mutually agree and bind themselves unto each other as follows:

"1. That all matters in dispute between said parties be and they are hereby referred to W. D. Smith and Robert L. Crews, as arbitrators—their award, in writing, to be final and conclusive, and, if they cannot agree, to have the power to call in a third party, the award of any two of them, in writing, to be final and conclusive.

"2. And, to secure a faithful compliance with the terms of this agreement, and as a part hereof, each party executes the attached bond in the sum of five hundred dollars, the terms, conditions and stipulations of which are to be taken as a part of this agreement.

"Witness our hands and seals," &c.

The "bond" referred to was executed contemporaneously, the defendant A. B. Jeffreys being the surety for the performance by R. M. Jeffreys of the conditions and obligations undertaken by the latter.

Among other things, it was stipulated that the plaintiff and R. M. Jeffreys should "stand to and abide by the award of said arbitrators, when made, and, specially, pay to each other any sums of money that may be by said arbitrators adjudged to be due each."

Before entering upon their investigation, the persons named as arbitrators selected Mr. Hays as the "third party," who joined them in hearing the matters in dispute and in making the award. His selection and appointment were not in writing.

Amongst other matter included in the award was the following:

"That, in a settlement had between said Mrs. Bryan and said Jeffreys, on or about the 1st of May, 1886, of matters relating to the farm for the year 1885, there remained in hands of said Jeffreys $545.76, which it was then agreed between

him and Mrs. Bryan should remain in his hands, and that he should account for the same, with eight per cent. interest thereon from that time until paid;" and awarded there was due the plaintiff the sum of $____, which had been reduced, at the time this action was brought, by payments made by R. M. Jeffreys, to $66.

Defendants offered to read in evidence the deposition of R. M. Jeffreys. Plaintiff's counsel objected, upon the ground that the notice of opening and passing on the deposition by the Clerk had not been given as required by section 1357 of *The Code.* The facts were: That the deposition had been received by the Clerk, who had inadvertently torn the envelope, started to take out the papers, saw what they were, returned them to the papers in the case without reading, and told defendants' counsel of the mistake; no notice had been given by the Clerk to the plaintiff's counsel of the intention to open and pass upon the deposition, and it had not been passed upon by the Clerk. The objection was sustained, and defendant excepted.

Upon the close of the testimony, defendants' counsel asked the following instructions:

1. If the jury believe that the submission was to two, with leave to select a third only in case they disagree, then the award is void, and the defendants are not bound.

2. If the jury believe that the submission is under seal, the selection of an umpire, to be valid must be under the seal of the two arbitrators.

3. That the bond upon which the action is brought is void.

That the embracing of the item of $545.76 by the arbitrators, about which there is no dispute in the award, renders it void.

The Court refused the instructions, and instructed the jury it was a matter of which they were the sole judges,

under the evidence, and if they were satisfied, by a preponderance of the evidence, that the defendants were indebted to the plaintiff, they should so find.    There was a verdict for the plaintiff, and from the judgment thereon the defendants appealed.

*Mr. R. W. Winston,* for the plaintiff.
*Mr. A. A. Hicks* filed a brief for the defendants.

SHEPHERD, J.: In the course of the trial the defendants offered in evidence the deposition of R. M. Jeffreys.    It appeared that no notice was ever given to the plaintiff, and that the deposition had not been passed upon by the Clerk as provided in *The Code,* §1357.    His Honor very properly refused to admit it, and the defendants' exception in this respect must be overruled.

The defendants asked certain special instructions, which, being refused, are made the subject of three exceptions:

1. "That if the jury believe that the submission was to two, with leave to select a third only in case they disagree, then the award is void."    This request was based, we suppose, upon the testimony of R. T. Crews, one of the arbitrators, to the effect that Mr. Hays, the umpire, was appointed before they commenced the investigation, or had any disagreement.    The refusal of the Court to give the instruction is fully sustained by the case of *Stevens* v. *Brown,* 82 N. C., 462, where it is said that "it matters not at what time during the progress of an arbitration the umpire is appointed.    It is within the discretion of the arbitrators to appoint him before or after disagreement.    Where the submission to the award of two persons authorized the appointment of an umpire by them if they disagree, it was held they might choose an umpire before they entered upon the inquiry." *Bates* v. *Cooke,* 17 E. C. L. Rep., 407.    The defendants'

counsel, however, takes the distinction that, while the umpire may be appointed before disagreement, he has no right to act until a disagreement occurs. If the latter had no right to act, his joining in the award did not vitiate it. " The award in our case is either the award of the umpire or the award of the arbitrators. Take it either way, and it is good. If the appointment of the umpire by the arbitrators was proper at the time he was chosen, then it was his umpirage, and their joining with him will not vitiate, for a mere stranger may join in the award or umpirage without invalidating the proceeding. But if, on the other hand, the arbitrators had no right to choose an umpire before disagreement, then it would be their award, and the fact of the umpire's joining in it would not vitiate it." *Stephen* v. *Brown, supra.*

2. " That the submission being under seal, the selection of the umpire must be under the seal of the arbitrators." This was not required by the terms of the submission, and, we think, was unnecessary. " At all events, it is too late to interpose that ground after the award is made " (*Knowlton* v. *Homer,* 30 Maine, 552), and especially is the party estopped where, as in this case, he has partly performed the award. Morse on Arbitration, 274.

3. " That the bond sued upon is void." It must be admitted that the bond is very inartificially drawn, but the context clearly shows the character in which the parties signed and their respective liabilities. This is unlike the case of *Osborne* v. *Colvert,* 83 N. C., 365, because, there, all of the contending parties were obligees, [obligors] and all were answerable for the default of each, so that the person to whom any sum might have been awarded would himself have been liable for its payment. The bond in our case shows very plainly that the defendant signed as surety for R. M. Jeffreys, the condition being that said R. M. Jeffreys should abide by and perform the award. The exception is without merit.

4. The remaining exception is that the arbitrators should not have considered the item of $545.76, that being the result of a settlement for the year 1885, and not being a matter in "dispute." We cannot give the terms of the submission such a restrictive meaning. The articles of submission recite that, "Whereas, matters have arisen between Mrs. B. J. Bryan and R. M. Jeffreys,   *   *   *   touching the *amounts and sums due between them* on account of the rental of the Governor Bell place,   *   *   *   which said matters they are unable to settle and decide between themselves:   *   *   * Now, therefore, all matters in dispute are hereby referred," &c.   The balance, $545.76, due Mrs. Bryan for the year 1885, was left in the hands of R. M. Jeffreys to be accounted for by him, and it was clearly necessary for the arbitrators to consider it in order to arrive at the "amounts and sums due between them."

Upon examining the whole record, we have been unable to perceive any error in the rulings of his Honor, and the judgment, therefore, must be affirmed.

                                          Affirmed.