ELIAS FREEMAN v. BRANT PERSON, et al.

*Probate of Deed in Which Clerk of Superior Court is Grantee
Before Same Clerk.*

1. The probate of a deed in which the Clerk of a Superior Court is
   a grantee, taken by the said Clerk, is invalid and void, under sec-
   tion 104, sub-sec. 3 of *The Code.*
2. Such probate is not validated by section 1260 of *The 'Code,* as
   amended by ch. 252 of the Laws of 1889.

This was a CIVIL ACTION, for the recovery of land, tried
before *Shipp, J.,* at August Term, 1889, of the Superior
Court of MOORE County.

The plaintiff claimed title in part under a deed executed by K. H. Worthy, as Sheriff of Moore County, to A. H. McNeill, John Shaw and J. C. Jackson, the land in controversy having been sold under sundry executions against one John Morrison.

The defendants objected to the introduction of this deed, for the reason that A. H. McNeill, one of the grantees in said deed, was, at the time of the probate thereof, Clerk of the Superior Court of Moore County, before whom said deed was duly admitted to probate.

It was admitted that said McNeill was Clerk of the Court at the time of said probate.

His Honor being of opinion with the defendants, sustained their objection.

The plaintiff excepted, submitted to a nonsuit, and appealed.

*Messrs. W. J. Adams* and *J. C. Black*, for plaintiff.
No counsel, *contra*.

AVERY, J.: *The Code*, § 1260, as amended by chapter 252 of the Laws of 1889, is as follows:

" Wherever the Judge of the Supreme Court or the Superior Court, or the Clerk or deputy Clerk of the Superior Court, *mistaking their powers*, have essayed, previously to the first day of January, one thousand eight hundred and eighty-nine, to take the probate of deeds and the privy examination of *femes covert*, whose names are signed to such deeds, and have ordered said deeds to registration, and the same have been registered, all such probates, privy examinations and registrations, so taken and had, shall be *as valid and binding to all intents and purposes* as if the same had been *taken before or ordered by the Clerk of the Superior Court, or other proper officer having jurisdiction thereof*."

It is provided by *The Code*, § 104, and sub-section 3, that, "No Clerk can act as such in relation to any estate or proceeding   *   *   *   *if he or his wife is a party* or a subscribing witness to any deed of conveyance, testamentary paper, or *nun cupative* will, but this disqualification ceases when such deed, testamentary paper, or will, has been finally admitted, or refused, probate by another Clerk, or the Judge of the Superior Court."

The defendant McNeill made no *mistake* as to his power to take the probate of deeds, for the law, *in terms*, clothed him alone with the authority *both to hear the evidence and order the registration* where the land lay in Moore County, and the grantor and grantees resided there, though Clerks of the Superior Courts of counties were empowered to admit to probate and order such deeds to be recorded by construing the requirements of the statute as directory only. Justices of the Peace and Clerks of the Inferior Courts were subsequently authorized to take the privy examination of married women, and hear and certify the acknowledgment or proof of the execution of instruments required or allowed to be registered in such cases, but not to order their registration. The defendant McNeill overlooked or disregarded the provisions of a statute, passed in affirmance of the general principles of the common law, which is founded upon a rule of propriety, as well as public policy, that no man ought to exercise judicial authority, where he or his wife have any interest, that may be affected by his decision. , When the words "or Clerk" were inserted by the amendatory act in the original statute the legislative intent evidently was to provide for and cure mistakes made by Clerks as to the general scope of their powers, as where the grantor resided and the land conveyed was located in a county other than that in which the Clerk lived. But there was no purpose to give efficacy and vitality to a certificate of probate or adjudication of its correctness, where the error con-

sisted not in misconceiving the extent of the power affirmatively conferred by law, but in disregarding a plain prohibition of the statute, and committing a breach of propriety in breaking over the barriers constructed to limit their authority. When a new judicial system had been inaugurated, and numerous changes had been made to adapt it more perfectly to the ideas, habits, or traditions of our people, it was natural that subordinate officers should often misunderstand the territorial limits, as well as the subject-matter, to which their jurisdiction extended, and such curative acts as that which we are construing were intended to prevent injury or inconvenience to the people by reason of such ignorance on the part of the officer. But it was never intended that an officer, who exercised authority in the face of a plain statutory prohibition, should, under the curative provisions of this act, derive benefit from thus disregarding such legal restrictions for his own advantage or convenience. The irregular "probates, privy examinations and registrations" are declared by the section, as amended, to be as "valid and binding as if the same had been taken before or ordered *by the Clerk of the Superior Court, or other proper officer having jurisdiction*," and thus the purpose is plainly shown to be, not to reach cases where a Clerk, having general authority, has violated a special provision of the law, imposing restraint or limitation upon the exercise of his power in particular instances, but where some officer has, *by mistake*, invaded the province of a Clerk or another officer, and usurped his authority as to the probate of deeds. But a Clerk was never empowered to act as a Judge in any matter affecting his personal interest, and an attempt to exercise such authority was never valid or binding on others. An officer who has so disregarded the law and the unwritten rules of common propriety, would not be, within the meaning of the Act of 1872, a "proper officer." There was no error.

Judgment affirmed.