## BYRNE v. USRY.

When in a pending case referred by the parties under a rule of court the umpire participates in the decision and joins in the award without having heard the parties or the oral evidence, it is cause for setting aside the award.

April 21, 1890.

Arbitration and award.   Before Judge RONEY.   Mc-Duffie superior court.   September term, 1889.

Reported in the decision.

P. B. JOHNSON, for plaintiff.

THOMAS E. WATSON, by brief, for defendant.

BLECKLEY, Chief Justice.

The reference was of a pending case in the superior court, and was made by the parties, under a rule of court, to two arbitrators, they to select a third man as umpire if they could not agree.   The award was made and signed by all three, but it is admitted that the umpire was not present when the evidence was submitted and the parties heard, and that he did not hear any of the evidence delivered.   Most of it was in writing, and this he had opportunity of examining; but it was not all in writing, and so much as was oral he could not have considered at all except as he may have taken it at second hand from the arbitrators.   The arbitrators, under the terms of the submission, had no right to call in an umpire unless they themselves disagreed.   Their doing so, however, would not have vitiated the award if the umpire, as well as themselves, had heard the case.   *King* v. *Cook*, *T. U. P. Charlton*, 286, 4 Am. Dec. 715; Stevens v. Brown, 82 N. C. 460; Bryan v. Jeffreys (N. C.), 10 S. E. Rep. 167.   Here the umpire acted, took part in rendering the award, and yet did not participate in hearing the case.   This certainly vitiates the award in so far as it rests upon him; and if

the two arbitrators agreed with each other, this agreement may have been brought about by his arguments and influence, and it is the safer course to set aside the award for his failure to hear the case before taking part in the decision of it. It would be a strain to uphold an award rendered under such circumstances, and we think the court below did right in setting it aside. It follows that the other rulings complained of were free from any substantial error.      *Judgment affirmed.*