### T. W. PATTON v. PAUL GARRETT.

*Action on Note Given in Performance of Award—Issues—*
*Arbitration—Award—Right to Set Aside Award for*
*Mistake—Partial Performance of Award—Estoppel.*

1. It is well settled that it is within the sound discretion of the trial Judge to settle the issues for the jury subject to the restriction that they shall be such as are raised by the pleadings and that the verdict thereon shall be a sufficient basis for the judgment and that neither party shall be deprived, for want of an additional issue, of the opportunity of presenting some view of the law arising out of the evidence.

2. Arbitration being a favored mode of settling disputed matters, the Courts are slow to set aside awards upon an allegation that the arbitrators have attempted and failed to decide according to law.

3. The words "adjudge," "determine" and "award," used by arbitrators in their award, do not necessarily carry with them the idea of a judgment according to law so as to enable one of the parties to have the award set aside for errors of law where the point decided was doubtful.

4. A naked promise by a party to an arbitration and award to allow the other party an additional credit for an item, if it should prove to have been inadvertently omitted by the arbitrators, is without consideration and hence not binding.

5. While corruption or partiality is ground for setting aside an award, mistake is not unless the arbitrators have been led into it by undue means or through fraudulent concealment of a party.

6. Where one of the parties to an arbitration executes his bond for the amount of an award, as directed by the arbitrators, he is estopped to defend an action thereon on the ground that he executed it in ignorance of a mistake in the award and of the fact that the award was reviewable by a court as to a question of law involved therein.

CIVIL ACTION, tried before *McIver, J.*, and a jury, at Spring Term, 1894, of BUNCOMBE Superior Court. There was a verdict for the plaintiff and from the judgment thereon defendant appealed.

On the 13th of January, 1890, C. W. Garrett & Co., and Paul Garrett, the defendant, entered into a contract by which the defendant was to sell for C. W. Garrett & Co., for a commission, their wines and brandies made at their Medoc Vineyards in Halifax County. That afterward, a disagreement having arisen between the parties concerning their rights and interests under the contract, they agreed to submit the matters in dispute to arbitration, the agreement being in the following words:

" STATE OF NORTH CAROLINA—Halifax County.

" This indenture, made this the ____ day of _____, 1891, between Lucy W. Garrett and H. S. Harrison and his wife Mary S. Harrison, composing the firm of C. W. Garrett & Co., party of the first part, and Paul Garrett, party of the.

second part, witnesseth: That whereas certain matters of controversy have arisen between said parties, which are now in litigation in the Superior Court of Halifax County, and whereas all the parties above named desire to avoid the delay, expense and unfriendly relations which necessarily attend litigation, and that all such matters as are now in controversy shall be settled by arbitration, and whereas the following are the questions in dispute and to be arbitrated, to-wit:

"First. What amount does Paul Garrett, trading as Garrett & Co., owe to C. W. Garrett & Co. for wines, brandies and other merchandise sold and delivered?

"Second. What amount, if any, is Paul Garrett entitled to recover of C. W. Garrett & Co. for the alleged breach or breaches of contract which existed between said parties, a copy of which contract is hereto attached and made a part of this instrument?

"Third. It is agreed that all matters pertaining to the business of Garrett & Co., as may be supposed by either party to influence his interest, may be considered in this arbitration, and that, in the event the arbitrators shall conclude that either party has been damaged by the course of the other, they shall decide the amount of such damages.

"Now, therefore, for the avoidance of litigation and for other purposes above indicated, the parties of this indenture hereby agree to submit all matters of controversy to Mr. John A. Collins, of Enfield, N. C., and Mr. William P. Simpson, of Wilson, N. C., and to a third party to be selected by the said Collins and Simpson, as arbitrators. The award of any two of the arbitrators shall be final.

"In the event of an award of damages to either party the amount may be arranged by note at six months for said amount bearing interest at eight per cent. and with such security as the arbitrators may deem sufficient.

116—54

" It is further agreed that no evidence shall be considered by said arbitrators, except such as would be admissible in a court of law, and, in the event that neither party shall wish to submit evidence which is objected to by the other party, the arbitrators shall pass on the question of admissibility.

" The place of meeting of .the arbitrators shall be at the Medoc Vineyard, and the time for said arbitration shall be fixed by the arbitrators.

" That at the meeting or meetings of the arbitrators it is agreed that neither party shall be represented by legal counsel, but C. W. Garrett & Co. may be represented by T. W. Patton, and Paul Garrett may represent his own interests.

" The parties hereto do hereby bind themselves, their heirs, executors and assigns in the sum of five thousand dollars that they will abide by the award of the arbitrators.

" In testimony whereof the parties above named have hereunto set their hands and seals the day and year above mentioned."

The arbitrators met at Medoc Vineyards on the 12th of November, 1891, the plaintiff representing C. W. Garrett & Co., and the defendant being present in person. The arbitrators, after hearing all the testimony offered on both sides, made the following award :

"NOVEMBER 12, 1891.

"Whereas, certain matters of controversy between C. W. Garrett & Co., and Garrett & Co., have been referred to the undersigned T. J. Hadley, J. A. Collins and W. P. Simpson, and whereas we have this day met at Medoc and carefully examined and weighed such evidence as was presented by parties to said controversy, do make the following award :

"First. We award that said Garrett & Co. pay to C. W.

Garrett & Co. twenty-two hundred and sixty-nine dollars and fifty-five one hundredth dollars, as per account of C. W. Garrett & Co., admitted to be correct.

"Second. We award that C. W. Garrett & Co. pay to Garrett & Co. one hundred dollars and seventeen one-hundredth dollars, being balance due Paul Garrett on book of C. W. Garrett & Co. per account rendered; and also that C. W. Garrett & Co. pay Garrett & Co. sixty-seven and sixty-one hundreth dollars for sour wine and discount, the discount being half the amount charged against Paul Garrett in account rendered against him by C. W. Garrett &. Co.

"Third. We award, that whereas the contract between the parties was indefinite as to its duration, we adjudge it should mean to continue for twelve months, and whereas by reason of a supposed sale of the Medoc property, for the failure of which sale Paul Garrett was in no way responsible, the contract was annulled before the expiration of twelve months, and the said Paul Garrett was deprived of the reasonable profits under said contract. Now, therefore, we adjudge that C. W. Garrett & Co. pay to said Paul Garrett eight hundred dollars as damages.

"Fourth. We award that Garrett & Co execute to C. W. Garrett & Co. a note of even date herewith bearing interest from date at 8 per cent. per annum for $1,301.87 due six months from date in full settlement of all claims between the parties to date.

"Fifth. We award that the matter of security to said note be left to be agreed upon between Paul Garrett and T. W. Patton, as agreed upon by these gentlemen now present." (Signed by the arbitrators.)

The defendant, immediately upon the making of the award and in pursuance of it, executed the bond upon which this action is based, which is as follows: " Six months

after date I promise to pay to the order of C. W. Garrett & Co. thirteen hundred and one and 87-100 dollars, this being the amount awarded in an arbitration held this day, with interest from date at 8 per cent. per annum. Witness my hand and seal this the 12th day of November, 1891." (Signed and sealed by Paul Garrett.) The bond was assigned and endorsed to Lucy W. Garrett for value by C. W. Garrett & Co., and by her endorsed for value to the plaintiff.

This action was brought to recover of the defendant the amount of the bond. The defendant set up as a defence all of the matters about which he had complained under his contract with C. W. Garrett & Co., and which were submitted to arbitration, and averred further that he had executed the bond immediately upon the rendition of the award and in ignorance of any omission therein, and in further ignorance of the power of the Court to review said award, and in ignorance of the erroneous construction of the law in regard to the contract, as set out in section 15 of this answer, and of his right in the premises." He then in his answer, after denying that the plaintiff was the owner of the bond, averred other matters of defence as follows:

13. That after delivering the note to the plaintiff, Patton, as agent of the said C. W. Garrett & Co., the defendant discovered that there was omitted from said award an account of this defendant (called Garrett & Co.) against said C. W. Garrett & Co., mainly for sour wines which had been taken back from customers on account of their defective quality, which on the hearing was admitted to be correct by the plaintiff, Patton, and which the said arbitrators were directed by him to allow. The said arbitrators inadvertently overlooked the same in making their calculations, and allowed defendant no credit therefor; said account

amounted to $241.60. As soon as defendant detected the omission he called the attention of the said Patton to the same, and he then and there agreed that if the arbitrators intended to allow the account, he would credit the same on said note; and he directed the defendant to see Messrs. Hadley and Simpson, who spent the night in Ringwood, and ascertain from them whether they intended to allow the same. Said Patton took the copy of the account filed with the arbitrators and said he would show it to the other arbitrator, Dr. John A. Collins.

On the next morning this defendant saw said Hadley and Simpson and they declared that it was their intention to allow the account, and they wrote out a supplemental award allowing the same and delivered it to this defendant. Defendant sent said paper to the plaintiff Patton, and has not seen it since.

14. That said account was omitted by the arbitrators from undue haste and by a mere clerical mistake, contrary to their real intentions, and the same ought to be credited on the note sued upon, which has never been done.

15. That the said arbitrators endeavored in the third article of their award to follow the law in the construction of the contract thereinbefore referred to, and the defendant insists put an erroneous construction thereon. Wherefore said award should be set aside and annulled.

16. The defendant requested the arbitrators to examine the account of the defendant with said C. W. Garrett & Co., pointing out various items which he alleged to be erroneous, and which amounted to at least two hundred dollars, but they neglected and failed to do so.

17. That if said plaintiff owns said note, he took the same with notice of the aforesaid matters and things, and after its maturity.

18. That the action brought by C. W. Garrett & Co. on

their claim for $2,300, is still pending in Halifax Superior Court.

19. That on the 23d day of March, 1891, said C. W. Garrett & Co. brought an action against this defendant, trading as Garrett & Co., to recover damages, which they claimed to have suffered by reason of the defendant trading under the name of Garrett & Co.; this defendant insists that this controversy was submitted to the aforesaid arbitrators under the agreement set out in section 10, but said arbitrators failed to decide the same or make any award in regard thereto.

20. That said action is still pending in the Superior Court of Halifax County, although no complaint has been filed therein.

21. That the defendant has instituted an action in the Superior Court of Halifax County, returnable to March Term, 1893, thereof, against said C. W. Garrett & Co., to vacate said award and recover his damages. Wherefore the defendant prays judgment that said award be set aside; that he have credit for said amount of $241.60 and interest; that said note be declared paid in full; for such other and further relief as may be proper, and for costs.

The plaintiff made replication denying the averments of the answer except the 16th, which he replies to in these words: " The plaintiff denies the allegations in the sixteenth paragraph of said answer, excepting so much of the said allegations which state that the defendant requested the arbitrators to examine the account of the defendant with said C. W. Garrett & Co., pointing out various items at the time. That during the investigation of the arbitrators the defendant introduced evidence, and the plaintiff is informed and believes that the same was properly heard and considered by the arbitrators in making up their award."

*Messrs. W. W. Jones* and *F. A. Sondly*, for plaintiff.
*Mr. Jas. H. Merrimon*, for defendant (appellant).

MONTGOMERY, J. (after stating the case as above): At
the opening of the trial the defendant prepared and asked
the Court to submit the following issues: " Did the arbi-
trators undertake to decide the law in construing the con-
tract between C. W. Garrett & Co. and Paul Garrett, and
decide said questions of law erroneously? Did the arbitra-
tors pass upon and settle all material matters submitted to
them for their arbitrament and award? Did the plaintiff,
as agent for C. W. Garrett & Co., agree with the defendant
that if the arbitrators intended to allow the account of
$241.60, it should be credited on the note sued on?"

The Court refused to give them and submitted the fol-
lowing: " 1. Was the plaintiff the owner of the note
sued on at the date of the issuing of the summons in this
action? 2. Is the defendant indebted to the plaintiff, and if
so, in what sum?" The defendant excepted.

His Honor committed no error in either refusing the
defendant's issues or in submitting the ones he did. There
are only two issuable facts raised by the pleadings in this
case—(1) Was the plaintiff the owner of the bond? (2)
Was it still due and unpaid?

It has been settled in *Emry* v. *Railroad,* 102 N. C., 209,
following *McAdoo* v. *Railroad,* 105 N. C., 140, and a large
number of cases in which the ruling has been affirmed, that
it is within the sound discretion of the trial Judge to deter-
mine what issues shall be submitted and to frame them sub-
ject to the restrictions, 1st, that only issues of fact raised
by the pleadings are submitted; 2d, that the verdict con-
stitutes a sufficient basis for a judgment; 3d, That it does
not appear that a party was debarred for want of an addi-
tional issue or issues of the opportunity to present to the

jury some view of the law arising out of the evidence. This has been approved in *Bonds* v. *Smith*, 106 N. C., 553; *Denmark* v. *Railroad*, 107 N. C., 185 ; *Blackwell* v. *Railroad*, 111 N. C., 151 ; *Black* v. *Black*, 110 N. C., 398.

By taking up and passing upon the defendant's exceptions, a little out of their numerical order, we find that it will be unnecessary to go into the first and second exceptions :

3rd Exception. "The defendant then asked his Honor to pass upon the point made in the fifteenth paragraph of defendant's answer, to-wit : 'That said arbitrators endeavored, in the third article of their award, to follow the law in the construction of the contract hereinbefore referred to, and the defendant insists, put an erroneous construction thereon. Wherefore, such award should be set aside and annulled ;' and to hold that the arbitrators made a mistake in law and put an erroneous construction upon said contract and assessed defendant's damages upon such erroneous construction, and that such award was void."

His Honor committed no error in overruling this exception. Looking at the face of the award—to which we are confined, so far as this exception is concerned, we cannot say that the arbitrators intended to decide the matters embraced in that exception according to law. The words "adjudge," "determine," "award," when used by the arbitrators, do not necessarily carry with them the idea of a judgment according to law. Arbitration, as a means of settling disputed matters, being so much favored by the Courts, they will be slow to set aside awards because it is alleged that the arbitrators have attempted to decide according to law and have "missed it." The language of the award in this case is not stronger than that used by the arbitrators in the case of *King* v. *M'f'g Co.*, 79 N. C., 360, and that award was upheld. Besides, an award ought not to be set aside unless

in cases where the decision is plainly and grossly against law—not where the point decided might be doubtful. *Clearg* v. *Coor*, 1 Haywood, 225.

4th Exception. "The defendant offered to show that plaintiff agreed with the defendant that if the arbitrators intended to allow a credit of $241.60 on account of sour wines, the note should be credited with that amount, and that the arbitrators did intend to allow same and omitted it by inadvertence; that this was after the note was executed. Plaintiff objected. His Honor sustained the objection and the defendant excepted."

We can see no error in His Honor's ovverruling this exception. The promise alleged to have been made by the plaintiff was clearly without consideration. No benefit could possibly have accrued to the plaintiff—but a loss— and the defendant does not pretend that he was put to any loss, inconvenience or trouble by reason of the promise.

5th Exception. "Defendant offered to show that the arbitrators did not pass upon all matters submitted to them between C. W. Garrett & Co. and Garrett & Co., and between C. W. Garrett & Co. and defendant. The plaintiff objected. His Honor sustained the objection and defendant excepted."

6th Exception. "Defendant offered to show that the account for sour wine was omitted by the arbitrators from defendant's credits by undue haste and a mere clerical mistake, contrary to the real intentions of the arbitrators. The plaintiff objected. His Honor sustained the objection and defendant excepted."

We will consider as one the 5th and 6th exceptions, for the fifth cannot be considered if it is disconnected from the sixth, because it is too general in its terms and language. It does not point out any particular matter which was presented to the arbitrators and which they refused to hear,

as was the case in *Walker* v. *Walker*, 60 N. C., p. 259, cited by the defendant. But if the 5th exception should be considered as another form of exception 6, we then have the question presented as to whether a mistake of the arbitrators can be set up to defeat, in whole or in part, the award. We are clear that it cannot be. Corruption or partiality are grounds for setting aside an award, but not so a mistake, unless the arbitrators have been led into that mistake by undue means; or unless they have fallen into the mistake by the fraudulent concealment of a party. "A mistake committed by an arbitrator is not of itself sufficient ground to set aside the award. If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal, and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation. *Easton* v. *Easton*, 8 Ired. Eq. (43 N. C.) 98. There was no error in His Honor's overruling these exceptions.

In thus disposing of the exceptions which we have discussed, it is not necessary to pass upon the others. We have given these exceptions more consideration probably than they were entitled to because of the earnestness and ability with which they were discussed by the counsel for both sides; for beyond question, when the defendant, agreeably to the award, executed his bond for the amount awarded to C. W. Garrett & Co. he could not be heard to say, when

sued for the amount, that he had executed the bond in ignorance of mistake in the award and in further ignorance of the power of the Court to revise the same. In executing the bond the defendant partially performed the award and he is estopped thereby. 104 N. C., 242.

No Error.