J. A. RICKS AND W. B. RICKS, Executors of G. E. TAFT, et al. v. R. W. STANCILL, Administrator of T. J. STANCILL, et al.

*Fraudulent Conveyance— Voluntary Conveyance—Burden of Proof—Issues.*

1. The refusal to submit issues tendered by a party is not error when under those submitted by the trial judge the party has an opportunity to present fully his testimony and the law arising thereon.

2. Where, in the trial of an action to set aside a deed for fraud, it was admitted that the conveyance was voluntary and that the donor owed the plaintiffs a large sum of money at the time such conveyance was made, the burden was properly imposed upon the defendants to show that the donor retained at the time the deed was executed sufficient and available property to pay his debts.

CIVIL ACTION, tried before *Boykin, J.*, and a jury, at April Term, 1896, of PITT Superior Court.

The complaint alleged that T. J. Stancill was administrator of the estate of Wiley Stancill, and that G. E. Taft and R. E. Mayo were sureties on his bond ; that a judgment was obtained against the principal and sureties on said bond, which was paid by the sureties; that, prior to the recovery of said judgment, T. J. Stancill, for the purpose of defrauding his creditors, executed voluntary conveyances of his land to certain of the defendants, who were his children ; that, after the payment of the judgment by the sureties, T. J. Stancill executed to them a mortgage to secure its repayment on the land previously conveyed to defendants, and on certain personal property which has since become destroyed, or has passed out of existence. Plaintiffs prayed judgment setting aside the voluntary con-

veyances, and declaring their claim a lien on the lands, and that they be subrogated to the rights of the plaintiffs in the judgment which they had paid.

*Messrs. Blount & Fleming*, for plaintiffs.
*Mr. James E. Moore*, for defendants (appellants).

MONTGOMERY, J.: The defendants tendered five issues, all of which the court refused to submit, and the defendants excepted. Those issues were as follows:

" 1. Was there an assignment of the judgment mentioned in the pleading to the use of the plaintiffs?

" 2. At the time of bringing the suit, was the deed of T. J. Stancill to his children made without retaining sufficient property to pay his then existing creditors, without consideration, and with intent to hinder, delay and defraud the plaintiffs?

" 3. What was the value of the personal property of T. J. Stancill?

" 4. Was the property conveyed in the mortgage of T. J. Stancill to G. E. Taft, and others, sufficient to pay plaintiff's debt?

" 5. Was the property mortgaged by T. J. Stancill to R. E. Mayo and G. E. Taft wasted and lost by the carelessness and negligence of plaintiffs? "

The court submitted the following issues:

" 1. Were the conveyances made by T. J. Stancill to his children made without any consideration other than that of natural love and affection? Ans., ' Yes.'

" 2. Did G. A. Stancill, G. E. Taft and R. E. Mayo agree at the time of the execution of the mortgage to them by T. J. Stancill to accept said mortgage in full satisfaction of all indebtedness of said Stancill to them? Ans., ' No.'

" 3.    Were the conveyances made by T. J. Stancill made
with  the  intent  to  hinder  and   defeat  his  creditors?
Ans., ' Yes.'

" 4  What amount, if any, is due R. E. Mayo on account
of money paid  on  the judgment mentioned in item two of
the complaint?   Ans., ' $224, and 8 per cent. interest from
date, May 20, 1889.'

" 5.  What amount if any is due G. E.  Taft  on  account
of money paid on the  judgment mentioned in item two of
the complaint?    Ans., ' $224,  and  8  per  cent.  inter-
est from date, May 20, 1889.' "

There was no need for the first issue tendered by the de-
fendants, for the plaintiffs on the trial had admitted that the
judgment had not been assigned to them.    The defendants
were not entitled to their second issue, for the question
was not whether Stancill did or did not do anything at
the time of the commencement of this suit, but whether,
at the time he made the voluntary conveyances to his
children, he retained a sufficiency of property to pay his
then existing creditors, the defendants having agreed on
the trial that the first issue submitted by the court should
be answered " Yes, " and that the deeds were voluntary ;
and it appears that that part of the defendant's second
issue, as to whether the deeds were made to hinder, delay
and defeat his creditors, was submitted in number three of
the issues submitted by the court.    The third issue ten-
dered by the defendants was properly rejected, for the
reason that the personal property of Stancill, the deceased
donor, whatever its value might have been, had  been
administered in due course of law by his personal repre-
sentatives.    The 4th and 5th of the defendant's issues the
court properly refused to submit.    It was in evidence that
none of the property conveyed by Stancill to plaintiffs

ever came into the plaintiff's possession; but on the other hand, it appeared that the mortgagee, Stancill, used the whole of it for his own benefit and purposes.

Under the issues submitted by the court, the defendants had the opportunity to present fully their testimony and the law arising thereon. *Patton* v. *Garrett*, 116 N. C., 847; *Alpha Mills* v. *Engine Co*, *Ibid.*, 797.

The complaint sets out with sufficient plainness and conciseness to enable the plaintiffs to maintain their standing in court that they were compelled to pay the amount of a judgment recovered against them as sureties on the administration bond of Stancill, and that in good time they commenced this action with the view of deriving the rights and remedies against their principal and his estate provided under Section 2096 of *The Code*.

The main contention, however, in the case is whether or not Stancill, at the time he made the voluntary conveyances of his land to his children, retained a sufficiency of property to pay his then existing creditors. The plaintiffs introduced no evidence on this point. The defendants' evidence went to show that the property retained after the exemptions should be allowed was not sufficient for that purpose. The defendants' counsel asked the court to instruct the jury that there was no evidence that Stancill did not retain sufficient property to pay his debts, and that they should answer the third issue "No." This was refused and the defendants excepted. There was no error in this refusal. In this connection the court charged the jury that the "burden was upon the plaintiff not only to show that the conveyances were voluntary and without consideration but by the weight of testimony that Stancill did not retain property sufficient and available to pay his then existing creditors, and that unless the plaintiff had proved by the weight of the evidence that Stancill did not retain

property sufficient and available for the satisfaction of his then creditors, they would answer the third issue "No." That instruction was erroneous, but as the jury found for the plaintiffs, no harm has been done. As we have said, the defendants had admitted that the conveyances from Stancill to his children were voluntary, and that he owed the plaintiffs a large sum of money at the time they were executed. Upon these admissions, the deeds having been attacked for fraud by the plaintiffs, the burden was imposed on the defendants to show that the donor retained at the time when the deeds were executed sufficient property, and available to pay his debts. *Brown* v. *Mitchell*, 102 N. C., 347. We have examined the other exceptions, and they are of no force.

No Error.