Manly, J.
 

 This cause, by a rule of the Court beiow, was referred to an arbitrator, whose award was to be a judgment of the Court. An award was, in due time, reported to the Court in favor of the plaintiff for $93.83, principal arid interest ; and for his costs to be taxed, including a fee to the arbitrator. Threó exceptions were taken by the defendant, to the award in the Court below, viz:
 

 
 *84
 
 1st. Because the arbitrator had not allowed the defendant opportunity to procure witnesses.
 

 2nd. Had not allowed defendant’s account as a set off.
 

 3rd. Had not allowed credits stated and admitted by the plaintiff.
 

 A judgment was given, according to award, for $93.83, without noticing the award in respect to costs, or making any special disposition of them. In this Court, it is moved, in addition to the grounds below, to set aside the award for defects appearing upon its face, our attention being particularly called, in this connexion, to the award of the fee to the arbitrator.
 

 We have considered these various grounds of objection to the award, and approve the judgment of the Court thereon. The compensation, to himself, did not lie within the terms of the matter submitted, and, consequently, was not within the scope of the arbitrator’s powers. But for that reason, the arbitrament is not void
 
 in toto.
 
 It may be bad in part, and good in part. And where an arbitrator disposes of the matter which was referred, and also of other matter not referred, and the two are in their nature separable, it is the duty of the Court to distinguish them, and give judgment for that which is within the terms, and reject that which is without;
 
 Cowan
 
 v.
 
 McNeely,
 
 10 Ired.
 
 5.
 
 It will be perceived by reference to the judgment of the Court, that it does not embrace the compensation in question, or indeed, any costs at all. It is a judgment simply for $93.83, awarded to plaintiff, which is precisely the judgment which ought to have been given, with the addition of the costs, that were taxable by law, against the defendant.
 

 We did not understand the matters of exception in the Court below, to be pressed in this Court. They are, clearly, matters which might have been addressed in proper time to the abitrator’s discretion, but form no ground for the court’s interference. It is not alleged that any fraud or imposition was practiced upon the arbitrator, or that he was corrupt or partial, which might form a ground of exception to an award, when made under a rule of Court; but, the allegation is,
 
 *85
 
 merely, of certain matters in which the arbitrator mistook facts or law, or else exercised his discretion to the prejudice. Of the defendant. This does not constitute ground for setting aside an award;
 
 Eaton
 
 v. Eaton, 8 Ired. Eq. 102.
 

 Upon the whole, the judgment below does the defendant no legal wrong. It was based upon a part of the award, clearly valid, and the only defect in it is, the omission to embrace the costs awarded, which were within the powers of the arbitrator : i. a., the taxable costs, which may now be done — the fee to arbitrator excluded.
 

 Per Curiam,
 

 Judgment affirmed.