TRI-STATE TRANSPORTATION COMPANY v. STEARNS BROS., Inc., GLOBE INDEMNITY CO., and IREDELL COUNTY.

(Filed 6 June, 1928.)

**Arbitration and Award—Award, After Agreement of Submission, Final as to Costs and Expenses.**

> Where an action upon a money demand has been referred to arbitrators under agreement that their report be final and binding, and the final judgment of court, the award to the plaintiff of a certain amount and interest, together with the costs of the action, excludes any discretion of the trial judge in taxing the plaintiff with fees for the services of the arbitrators and stenographer.

APPEAL by plaintiff from *Finley, J.,* at November Term, 1927, of IREDELL.

Civil action to recover balance alleged to be due for labor performed in and about the construction of a hard-surfaced highway in Iredell County, known as project No. 641.

By agreement of the parties, duly entered of record with the court's approval at the November Term, 1926, "all the matters involved" were referred to a board of arbitration, consisting of three members, of which Hon. Stahle Linn, of Salisbury, N. C., was designated as chairman. This agreement contains the following stipulation:

"It is agreed that the report of this board of arbitrators so selected as above provided shall be final and become a rule of court without exception from either side, the award to be final and binding on all the parties to this litigation, and be the final judgment of the court."

In October, 1927, the arbitrators filed their report and awarded the plaintiff, Tri-State Transportation Company, "the sum of $3,338.17, which sum, together with the interest thereon from 24 November, 1924, the plaintiff is entitled to recover from the defendants, Stearns Brothers, Inc., and Globe Indemnity Company, together with the costs of this action."

From a judgment upon the award, taxing the defendants with the "usual and ordinary costs of the action," but adjudging that the compensation fixed for the arbitrators and the stenographer's fees, "be paid one-half by the plaintiff, and one-half by the defendants," the plaintiff appeals, assigning errors, in that, the court refused to include allowances to the arbitrators and fees of the stenographer (amounts not in dispute) as parts of the costs to be taxed against the defendants, and divided the compensation made to the arbitrators and the fees allowed to the stenographer, adjudging that the plaintiff pay one-half of said sums.

*Self & Bagby for plaintiff.*
*H. P. Grier for defendants.*

STACY, C. J. It was agreed that the report of the arbitrators should be the final judgment of the court and binding on all parties to the litigation. The arbitrators awarded the plaintiff a given sum with interest "together with the costs of this action." That they thereby intended to include in their award as a part of the costs of the action, whatever allowances should be made to the arbitrators and the fees of the stenographer, is a fairly permissible deduction from the language used. Undoubtedly, the agreement to arbitrate is broad enough to cover such allowances and fees, and it was the intention of the parties that the award of the arbitrators should settle all matters involved. This, we think, the award does.

The case of *Griffin v. Hadley,* 53 N. C., 82, strongly relied upon by the defendants, is distinguishable in that there the agreement to arbitrate was more restricted than here. Indeed, in the instant case, the award is to be "the final judgment of the court." This, it cannot be unless it fully determines the controversy. The parties, as well as the arbitrators, intended that it should operate as a complete settlement of "all the matters involved."

Let the cause be remanded, to the end that judgment may be entered to this effect.

Error.